# SIMS v. ROY.*

BAILMENT; RES IPSA LOQUITUR; EVIDENCE; BURDEN OF PROOF; INSTRUC-
TIONS.

1. The modern rule is to the effect that where personal property is placed
   in the hands of a bailee for hire in good condition, and it is injured
   or destroyed while in his custody under circumstances ordinarily
   inconsistent with the exercise of due care, and there is nothing to
   rebut the inference arising from the circumstances, the loss may
   fairly be found to have been occasioned by the bailee's negligence;
   but this rule in no way relieves the bailor of the burden of estab-
   lishing his case by a fair preponderance of the evidence.    (Citing
   Sullivan v. Capital Traction Co. 34 App. D. C. 358.)
2. An instruction in an action against the proprietor of a livery stable for
   injury to a horse in his possession under a boarding contract, which
   states that the defendant's duty was that of an ordinarily prudent
   man, and that if the horse, when delivered to him was in a sound con-
   dition, the burden of proof is on the defendant to prove by a pre-
   ponderance of the evidence that the injury resulted from no want
   of care on his part,—is not reversible error where the plaintiff did
   not rest his case upon the fact that the property was placed in the
   defendant's custody, and was injured under circumstances inconsist-
   ent with due care, but introduced evidence tending to show negli-
   gence, and such evidence was not controverted by the defendant,
   thus making it a question for the jury whether, under the undisputed
   facts, the defendant had exercised due care.

No. 2671.    Submitted October 15, 1914.    Decided December 7, 1914.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, on verdict, for
the plaintiff, in an action to recover damages for injury to
his horse while in defendant's care and custody.    Affirmed.

*Bailment.—Upon the question of presumption and burden of proof
as to care or negligence in respect to subject of bailment, see note to
Stone v. Case, 43 L.R.A.(N.S.) 1168.

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment for Philip S. Roy, the plaintiff, appellee here, in the supreme court of the District, to recover damages for an injury to his horse while in the care and custody of Andrew J. Simms, the defendant, appellant here.

The action was commenced in the municipal court, and the plaintiff averred that the injury to his horse "was due to negligence on the part of the defendant." At the trial below plaintiff introduced evidence to show that the defendant is the proprietor of a livery stable at which the plaintiff placed his horse to be boarded and cared for; that the defendant telephoned the plaintiff "and informed him that his horse had been allowed to go to the watering trough in the stable of the defendant, in company with another horse, unattended by any of defendant's servants, and while at the said trough the plaintiff's horse was kicked by the other horse to such an extent that it became necessary to destroy it." This evidence was not controverted by the defendant, but two of his employees testified that the horse that did the kicking was gentle, and that in the six months he had been at the stable had not been known to kick. There was no evidence that the horses were acquainted with each other, or that they theretofore had been permitted to go to the trough together and unaccompanied.

The court charged the jury to the effect that it was the duty of the defendant, in the management and control of plaintiff's horse while in his possession, to exercise "that degree of care which an ordinarily prudent man, engaged in the same business as the defendant, would exercise under like circumstances," and that if the horse when delivered to him was in sound condition and when returned to the plaintiff was in an injured or damaged condition, "then the burden of proof was upon the defendant to prove by the preponderance of the evidence that said injury or damage resulted from no want of due and proper care on his part." To this charge an exception was noted.

*Mr. Joseph W. Cox, Mr. Joseph T. Sherier, Mr. A. E. L. Leckie,* and *Mr. John A. Kratz,* for the appellant:

The plaintiff having alleged in his complaint the specific acts upon which he relied to establish the negligence of the defendant, it would seem that the burden of proving those acts should be upon the party alleging them. *Jaquette* v. *Capital Traction Co.* 34 App. D. C. 41, 44; *Hamilton* v. *Metropolitan Street R. Co.* 114 Mo. App. 504; *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358; *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60; *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436, 452; *Hableton* v. *McGee,* 19 Md. 43; *Malaney* v. *Taft,* 60 Vt. 575; *Willett* v. *Rich,* 142 Mass. 356; *Chaflin* v. *Myer,* 75 N. Y. 260; *Stewart* v. *Stone,* 127 N. Y. 500; Story, Bailm. 8th ed. Sec. 410; 4 Wigmore, Ev. Sec. 2489 (a); *Knights* v. *Piella,* 111 Mich. 9, 14; *James* v. *Orrell,* 68 Ark. 284.

*Messrs. McLanahan, Burton,* and *Culbertson,* for the appellee:

The proof of loss or injury in case of a bailment is sufficient to make out a prima facie case against the bailee, and to put him on his defense. If the chattel is shown to have been delivered to the bailee in good condition, and to have been returned to the bailor in an injured condition, or not to have been returned at all, the law places upon the bailee the burden of showing that the loss was not due to his fault, or at least that he exercised ordinary care (if it be a bailment for the mutual benefit of both bailor and bailee). This is particularly the rule where the loss would not ordinarily have happened without negligence. The burden of exculpation is placed upon the bailee in these cases because he, if anyone, can explain how the loss occurred; it is only reasonable that he should show that he exercised due care. *Collins* v. *Bennett,* 46 N. Y. 490; *Ouderkirk* v. *Bank,* 119 N. Y. 263; *Boies* v. *Hartford & N. H. R. Co.* 37 Conn. 272; *Brown* v. *Waterman,* 10 Cush. 117;

*Lichtenhein* v. *Boston & P. R. Co.* 11 Cush. 70; *Brewster* v. *Weir,* 93 Ill. App. 588; *Jackson* v. *McDonald,* 70 N. J. L. 594; *Hildebrand* v. *Carroll,* 106 Wis. 324; *Logan* v. *Matthews,* 6 Pa. 417; *Hislop* v. *Ordner,* 28 Tex. Civ. App. 540; *Pusey* v. *Webb,* 2 Penn. (Del.) 490, 494; *Ware Cattle Co.* v. *Anderson & Co.* 107 Iowa, 231, 234; *Gleason* v. *Beers,* 69 Vt. 581; *McDaniels* v. *Robinson,* 26 Vt. 316; *Tausey* v. *Schields,* 26 Mo. App. 318; *Dixon* v. *McDonnell,* 92 Mo. App. 479; Schouler, Bailm. Sec. 23; 3 Am. & Eng. Enc. Law, 2d ed. 750, 751.

Mr. Justice ROBB delivered the opinion of the Court:

The modern rule is to the effect that where personal property is placed in the hands of a bailee for hire in good condition, and it is injured or destroyed while in his custody, under circumstances ordinarily inconsistent with the exercise of due care, and there is nothing to rebut the inference arising from the circumstances, the loss may fairly be found to have been occasioned by negligence. In other words, the facts of the occurrence, unexplained, warrant the inference of negligence, and call for explanation from the bailee, because he alone is in a position to make it. *Jackson* v. *McDonald,* 70 N. J. L. 594, 57 Atl. 126, 15 Am. Neg. Rep. 611; *Collins* v. *Bennett,* 46 N. Y. 490, 1 Am. Neg. Cas. 696; *Davis* v. *A. O. Taylor & Son,* 92 Neb. 769, 139 N. W. 687; *Hackney* v. *Perry,* 152 Ala. 626, 44 So. 1029; *Hunter* v. *Ricke Bros.* 127 Iowa, 108, 102 N. W. 826, 18 Am. Neg. Rep. 68; *Hildebrand* v. *Carroll,* 106 Wis. 324, 80 Am. St. Rep. 29, 82 N. W. 145; *The Genessee,* 70 C. C. A. 613, 138 Fed. 549. But this rule in no way changes the burden of proof, for, when all the evidence is in, the preponderance must be with the plaintiff. *Sweeney* v. *Erving,* 228 U. S. 233, 57 L. ed. 815, 33 Sup. Ct. Rep. 416; *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358.

Here, however, the plaintiff did not rest his case upon the fact that property placed in the defendant's custody in good condition was injured in such a way as to be inconsistent with due care on the part of the defendant, but introduced

evidence tending to show negligence. This evidence was not controverted by the defendant, and therefore the sole question for the jury was whether, under the undisputed facts, the defendant had exercised due care. In the circumstances, we do not think there is reversible error in the charge. We therefore affirm the judgment, with costs.                          *Affirmed.*