Coös,  }
Feb. 6, 1923. }

### OSCAR F. DAVIDSON *v.* AMERICAN CENTRAL INSURANCE CO.

One who procures fire insurance upon his automobile may recover under P. S., c. 170, ss. 2, 18, unless he intentionally and fraudulently represented to the insurer that his automobile was not mortgaged, or concealed the fact of the mortgage from the insurer; in the absence of such misrepresentation or concealment a warranty in the policy that the automobile was fully paid for by the assured and was not mortgaged or otherwise incumbered is null and void.

Under P. S., c. 170, s. 2, the question whether the existence of a mortgage on property insured and destroyed by fire contributed to the loss is a question of fact for the jury.

Offers of money to settle a claim may be competent evidence of an admission of liability, if not made as an offer to compromise.

The trial court may refrain from deciding preliminary questions of fact affecting the admissibility of evidence and submit them to the jury with proper instructions as to the effect of their decision.

ACTION, to recover the proceeds of a fire-insurance policy covering the plaintiff's automobile.

The defendants denied liability on the ground that the plaintiff at the time the policy was written concealed the fact that his car was mortgaged. Trial by jury and verdict for the plaintiff for sixteen hundred dollars, the face value of the policy.

Defendants introduced no evidence. At the close of the plaintiff's evidence the defendants moved for a directed verdict. The motion was denied and the defendants excepted.

The court granted the motion of the defendants to set the verdict aside, and the plaintiff excepted. This motion was granted on the ground that there was error in admitting evidence that the defendants' adjuster offered fourteen hundred dollars to settle the plaintiff's claim. The facts sufficiently appear in the opinion. Transferred from the December term, 1921, of the superior court by *Marble*, J.

*Sullivan & Daley (Mr. Sullivan* orally), for the plaintiff.

*Rich & Rich (Mr. Robert Rich* orally), for the defendants.

PLUMMER, J. In October, 1919, the plaintiff bought an automobile for sixteen hundred and ninety-five dollars. The defendants insured it for sixteen hundred dollars. After the automobile was burned in August, 1920, the defendants refused to pay the loss because there was a mortgage upon the car at the time it was insured.

There is a warranty in the policy that the automobile was fully paid for by the assured and was not mortgaged or otherwise encumbered. It is a condition of the policy that it shall be null and void if the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of the insurance be or became encumbered by any lien or mortgage.

The plaintiff gave to the man from whom he purchased the automobile, to secure a portion of the purchase price, a mortgage for thirteen hundred and ninety-five dollars, which was duly recorded in the personal mortgage records of the city of Berlin. This mortgage was in force when the insurance policy was issued.

Section 2 of chapter 170 of the Public Statutes provides that "descriptions of property and statements concerning its value and the title of the insured thereto in an application for insurance or in an insurance policy shall not be treated as warranties. A policy shall not be avoided by reason of any mistake or misrepresentation, unless it appears to have been intentionally and fraudulently made, or unless the difference between the property as it was represented and the property as it really existed contributed to the loss."

Section 18 of the same chapter provides that "this chapter shall be a part of every contract of insurance to which it is applicable . . . No waiver of any part of it shall be set up by the insurer, and every stipulation in the contract in conflict with it shall be void."

By the terms of this statute, unless the plaintiff intentionally and fraudulently either represented and stated to the defendants that his automobile was not mortgaged or concealed the fact of the mortgage from the defendants, the warranty in the policy that the automobile was fully paid for by the assured and was not mortgaged or otherwise encumbered, is null and void, and of no effect. *Perry* v. *Insurance Co.*, 67 N. H. 291, 295.

The plaintiff's testimony relating to this matter was as follows: The plaintiff was not asked by the agent of the defendants if the car was mortgaged, and did not inform them of that fact, and did not know or realize that he should have done so. He did not read his policy until after the car was burned, and did not until then know that there were any warranties in the policy that the car was not mortgaged when insured.

From this evidence, which was uncontradicted, the jury were fully warranted in finding that the plaintiff did not intentionally and fraudulently conceal the fact that the car was mortgaged. In fact it is the only finding upon the evidence that the jury could have made. "The omission of the plaintiff to state truly his title to the property insured was not wilful and fraudulent, and did not avoid the policy." *Leach* v. *Insurance Co.*, 58 N. H. 245; *Tuck* v. *Insurance Co.*, 56 N. H. 326.

The last clause of section 2 remains to be considered, which provides that a policy shall not be avoided "unless the difference between the property as it was represented and the property as it really existed contributed to the loss."

It would not seem in this case that the fact that there was a mortgage upon the automobile contributed in any way to the loss of the defendants. But however that may be, this was a question for the jury. *Clark* v. *Insurance Co.*, 40 N. H. 333; *Davis* v. *Insurance Co.*, 67 N. H. 335; *Janvrin* v. *Insurance Co.*, 70 N. H. 35. And it was submitted to them by the court under proper instructions, and their finding thereon, which must have been for the plaintiff, was final. The defendants have cited *Dwyer* v. *Insurance Co.*, 72 N. H. 572, in their support. This case and others they cite are founded upon life or casualty insurance policies. The laws in relation to fire, life and casualty insurance are so different, so far as the matter now under

discussion is concerned, that these cases are of no value as authority in this case.

The above statute, which is vital in this controversy, does not apply to life or casualty insurance contracts.

The defendants claim that the portion of the statute which provides that "a policy shall not be avoided by reason of any mistake or misrepresentation, unless it appears to have been intentionally and fraudulently made," does not apply to this case, because they assert that the statement in the policy that it should be null and void if the subject of the insurance be or become encumbered by any lien or mortgage was a condition precedent, and because the condition was not fulfilled the policy never was in force or became effective. To sustain them in that position they cite *Ballard* v. *Insurance Co.*, 237 Mass. 34; *Fondi* v. *Insurance Co.*, 224 Mass. 6.

These cases held that misrepresentations in obtaining insurance avoided the policies, and whether they were made intentionally and fraudulently is not material under these decisions.

The Massachusetts statute is as follows: "No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk of loss." Laws Mass. 1907, *c.* 576, *s.* 21. It is held that this statute is not applicable when a condition precedent incorporated in the policy is not performed. These cases are decided under a different statute than the one in this state. The Massachusetts statute "relates merely to an 'oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance.' It has no relation to a condition in the policy itself." *Barker* v. *Insurance Co.*, 188 Mass. 542, 545. This case is an interpretation of the Massachusetts statute of 1895, chapter 271, but it is the same as the statute under which the two above cases were decided.

The statute in this state provides that description of property and statements concerning its value and the title of the insured thereto in an application for insurance or in an insurance policy shall not be treated as warranties and a policy shall not be avoided by reason of any mistake or misrepresentation, unless it appears to have been intentionally and fraudulently made.

Our statute does not, like the Massachusetts statute, refer to the

negotiations of a contract for an insurance policy, but to the application and policy itself.

These cases upon which the defendants rely have no force as authority in this case under our statute.

An interpretation of chapter 170 of the Public Statutes in compliance with the demands of the defendants would be a nullification of the statute, and in direct opposition to the policy of the state.

The court in *Spalding* v. *Insurance Co.*, 71 N. H. 441, 444, referring to the policy of the state in insurance legislation, said: "It discloses a constant effort 'to provide for the speedy adjustment and payment of losses, to take away technical and inequitable defences, and at the same time to protect insurers from fraudulent claims and vexatious suits.' *Franklin* v. *Insurance Co.*, 70 N. H. 251, 258. Among the statutory provisions of this kind is the one that a policy shall not be avoided by reason of a mistake or misrepresentation unless intentionally or fraudulently made, or unless it contributed to the loss."

The court set the verdict aside upon the ground that he "erred in admitting evidence that defendant's adjuster offered $1400 to settle the plaintiff's claim." It is understood that the supposed error was considered to be one of law, and the question presented is whether there was such error in the course pursued at the trial. It presents the same question that is raised by the defendants' exception to the admission of the evidence. The evidence in question tended to prove that the adjuster made no denial of liability but discussed in detail the amount of damage. There was no suggestion of a compromise. The whole talk related to the amount of loss. That such negotiations are competent evidence of an admission of liability is not open to serious question. There was in effect an offer to pay the plaintiff's loss in full (*Altman* v. *Railway*, 75 N. H. 573), the sole matter in dispute being the amount of that loss.

The further objection that there was no evidence that at the time of the offer the defendants had knowledge that the car was encumbered is also untenable. The plaintiff testified that when he paid for the policy he told the agent that he was glad he had the policy for his own protection and for that of the man from whom he bought the car. Reasonable men could well find from this evidence that the defendants were informed that the car was encumbered. There was, then, some evidence that the negotiations included an admission of liability and that the defendants knew at the time that there was an encumbrance upon the car.

Following the well-established practice, the court exercised its

option to refrain from deciding these preliminary questions, and submitted them to the jury, with instructions to consider the evidence, if they found for the plaintiff upon these matters, otherwise to lay the evidence out of the case. There is no error of law in the course thus taken. *Greenfield* v. *Kennett,* 69 N. H. 419, and cases cited; *Dunklee* v. *Prior, ante,* 270.

*Plaintiff's exception sustained: defendants' exception overruled.*

YOUNG, J., was absent: the others concurred.