## JOHN F. NELEN *vs.* HARRY F. COLWELL.

### MARCH 21, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Trover.   Demand and Refusal.*

Demand and refusal are necessary for the maintenance of trover in all cases in which the defendant was rightfully in possession of the property demanded.

The refusal to deliver in order to constitute a conversion must amount to a denial of the demandant's right.

*(2)  Trover.   Demand and Refusal.   Conditional Sale.*

Where an article was delivered to defendant under a conditional sale lease, which did not provide that it should not be removed out of the state, statement by defendant when demand was made upon him by plaintiff, that it was out of the state did not show such a refusal to deliver as would amount to its conversion, in the absence of evidence contradicting defendant's statement, since it showed that it was impossible for defendant to make immediate delivery.

TROVER.  Heard on exceptions of defendant and sustained.

SWEENEY, J.  This action of trover is brought to recover the value of a second-hand truck conditionally sold by the plaintiff to the defendant. After a trial in the Superior

Court the jury returned. a verdict for the plaintiff. The defendant filed a motion for a new trial which was denied by the trial justice after a hearing. The defendant then brought the case to this court by his bill of exceptions, and states as a reason therefor, his exception to the denial of his motion for a new trial, and claims that the evidence does not show a legal demand and refusal for the return of the truck, and that the damages are excessive.

The evidence proves that September 1, 1922, the defendant purchased the truck from the plaintiff for $1,300.00 and gave in payment his touring car valued at $200.00 and twelve notes for the balance, payable in twelve consecutive months after date, and at the same time signed a lease of it from the plaintiff. This lease was introduced in evidence by the plaintiff and states, among other things, that the title to the truck was to remain in him until all of the notes were paid and that if the notes were not paid as specified he might retake the truck wherever it might be. The defendant did not pay the note due October 1, 1922, and soon afterwards this action was commenced.

The defendant was rightfully in possession of the truck, and to prove its conversion the plaintiff introduced the following testimony of demand and refusal. Deputy Sheriff Packard testified that, accompanied by two men, he called at the residence of the defendant November 18, 1922; that it was after dark when the defendant came home in an automobile; that the truck was not there; that he handed the defendant a written demand for the truck or $1,100.00 and told him the substance of the demand and that, as the defendant had neither the truck nor the money, he arrested him. His testimony as to the refusal is as follows: "Q.. And when you made a demand on him for the car what answer did he give you? A. He said the car was working somewhere up in Massachusetts. It was out of the State. Q. Did he say whether he would give it to you at the time you asked him for it? A. He did not. He didn't say he would give it to me." The officer's aid test-

fied that when demand was made for the truck the defendant said that it was up in the Mohawk Trail. Defendant's testimony was to the effect that he lived in Providence; that he was in the trucking business; that he sent the truck to the Mohawk Trail to haul gravel for road surfacing; that when he returned home from the mountains about half-past nine o'clock, he was met by a deputy sheriff who arrested him without making any demand for the truck.

The trial justice said in his charge: "Was there a demand made in this case on the 18th day of November by Mr. Packard on behalf of Mr. Nelen for the return of this truck and in consequence of that demand did the defendant refuse to deliver it, or was he in a position so that he could not deliver it. . . . If you find that there was no demand and no refusal then the plaintiff has failed to prove one of the elements of his case, and is not entitled to recover."

The defendant makes the point that a prerequisite to a recovery by the plaintiff requires a proper legal demand upon him for the truck and his absolute refusal to return it, and claims that the testimony does not show that he refused to deliver the truck.

Demand and refusal are necessary for the maintenance of trover in all cases in which the defendant was rightfully in possession. 38 Cyc. 2032. It has been held that the refusal to deliver, in order to constitute a conversion, must amount to a denial of the demandant's right. *Phillips* v. *Shackford*, 21 R. I. 422; *Claflin* v. *Gurney*, 17 R. I. 185; *Buffiington* v. *Clarke*, 15 R. I. 437; *Singer Manufacturing Co.* v. *King*, 14 R. I. 511. In *De Young* v. *Andrews Co.*, 214 Mass. 47, the court said: "When the plaintiff relies upon demand and refusal as independent and basic evidence of conversion, it must appear that at the time of the demand and refusal the defendant had the control of the article so as to be able to comply with the demand; and the burden of proving all this is upon the plaintiff." See also 38 Cyc. 2034. A mere detention of another's chattels, which right-

fully came into one's possession, is not an actionable conversion. If, however, the detention be based on a negation of the owner's rights, or be accompanied by an intent to convert the property to the holder's own use, a right of action for a conversion will arise. *Whiting* v. *Whiting,* (Me.) 87 Atl. Rep. 381. See also *Hammond* v. *DuBois,* (Me.) 101 Atl. Rep. 612. To constitute conversion the refusal must be absolute, and amount to a denial of plain-

(2) tiff's right to the possession. *Marcus* v. *C. M. & St. P. Ry. Co.,* 167 Ill. App. 638; 38 Cyc. 2039 (7).

Under the law as above stated, and assuming that the deputy sheriff made a demand upon the defendant for the truck does the answer of the defendant, as testified to by the officer and his aid, show such a refusal to deliver it as to amount to its conversion? We think not. There is nothing in the defendant's answer which amounts to a denial of the plaintiff's right to the truck. There was no agreement that the truck should not be taken out of this State. There is no testimony to contradict defendant's statement that the truck was at the Mohawk Trail when the demand was made upon him for it by the officer. This being the fact, it was impossible for the defendant to make immediate delivery of it to the officer.

The plaintiff's testimony is clearly insufficient to sustain the finding that the defendant was guilty of a conversion of the truck. The defendant's exception to denial of his motion for a new trial on the ground that the verdict is against the evidence on this point is sustained. In view of this conclusion the defendant's claim that the damages are excessive is not considered. The case is remitted to the Superior Court for a new trial.

*Cooney* v. *Cooney,* for plaintiff.

*Daniel A. Colton,* for defendant.