338

**FIRESTONE TIRE & RUBBER CO. v. HIL-LOW, to Use of AMERICAN AUTOMO-BILE INS. CO.**

**No. 764.**

Municipal Court of Appeals for the District of Columbia.

March 18, 1949.

Rehearing Denied March 30, 1949.

DeWitt S. Hyde, of Washington, D. C. (Arthur J. Hilland, of Washington, D. C., on the brief), for appellant.

William E. Stewart, Jr., of Washington, D. C. (Richard W. Galiher, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Defendant operates a large gasoline, oil and service station at the corner of 13th and K Streets, Northwest. Plaintiff left his automobile at the station between 10:00 and 11:00 o'clock in the morning to have

seat covers installed. When he returned to the station at about 5:00 o'clock in the afternoon the automobile could not be found. About 6:30 it was found off Mt. Vernon highway in Virginia in a badly damaged condition. The third-party defendant had been driving the car at the time it was damaged.

Defendant offered evidence that the work on the car was not completed until about 4:00 or 4:30 in the afternoon when defendant's employee then parked it, with the key in the ignition, on the grounds of the station on the K Street side. It was parked against a curb or ledge and in order that it be driven from the grounds into K Street it was necessary to first back the car and then turn it into the driveway. Defendant offered no evidence as to the identity of the person who removed the car or the manner of its removal. However, defendant did offer evidence of the care it exercised over cars left · at the station, including the continuous presence of at least one employee on the station grounds.

The third-party defendant admitted being the driver of the car when it was damaged but testified that he first entered the car near the Greyhound bus station when the car was then in the possession of a man known to him only as "Fred" who claimed to be the owner of the car.

The trial court, sitting without a jury, gave judgment for plaintiff against defendant and also judgment over against the third-party defendant in favor of defendant. Defendant has appealed.

■ It is contended that the trial court erred in finding defendant guilty of negligence. In Barclay, Inc. v. Maxfield, D.C. Mun.App., 48 A.2d 768, 770, this court said:

"While it is well established that the proof of the delivery of the goods and failure of the bailee to return them makes out a prima facie case for the plaintiff, even in·case of a gratuitous bailment, requiring the defendant to go forward with proof, such proof need not necessarily consist of an explanation or justification of the loss. Of course, if the bailee can establish that the loss was due to a cause in no way connected with the lack of proper care on his part, this will constitute a good defense; but a good defense may also be made out by affirmative proof that the bailee exercised that degree of care which the particular bailment called for even though he may not be able to explain or justify the loss. Either defense presents a question of fact."

■ Applying the principles above stated to this case, it is evident that plaintiff made out a prima facie case; that defendant offered no explanation or justification for the loss but did offer proof regarding the care it exercised for the safekeeping of the car; and that a question of fact was presented for determination by the trial court. When plaintiff made out his prima facie case, the burden of proof was not shifted to defendant. The burden of proving negligence on defendant's part remained always with plaintiff. Commercial Molasses Corporation·v. New York Tank Barge Corporation, 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89; Sims v. Roy, 42 App.D.C. 496. Whether plaintiff sustained this burden was a question for the trial court. This court cannot say as a matter of law that defendant's evidence compelled a finding against plaintiff. · · ·

Defendant also argues that there was error in the admission of testimony concerning an offer of compromise and settlement. The testimony was that of Mr. Stewart, an attorney for plaintiff. He testified that Mr. Payne, manager of defendant's station, called by telephone and said he had been served with process, that he realized defendant was liable, and that he wished to save some money if possible. He then inquired if there was any salvage value in the car, and, upon being told there was a net salvage value of $280, reducing the original claim to $1,221.29, agreed to secure a company draft for the full amount then claimed plus court costs.

■ An offer made in compromise is not admissible in evidence. McMahon v. Matthews, 48 App.D.C. 303. But it is not always easy to determine whether a statement is made by way of compromise. 4 Wigmore, Evidence, § 1061 (3rd ed.), says

that the test is whether the statement is made conditionally or unconditionally; that a conditional concession is not admissible but an unconditional assertion is admissible. Payne's statement appears to us, as it did to the trial court, to have been an unconditional and unqualified acknowledgement of liability and promise to pay. We hold the testimony was admissible.[1]

Defendant further contends that Payne's statement was inadmissible because he was not shown to have authority to bind defendant by such statement. However, the question of Payne's authority, or lack of it, was not raised in the trial court. That court was asked to reject the testimony solely on the ground that it constituted an offer in compromise and settlement. It is necessary that one objecting to evidence make known to the court and opposing party the precise ground on which he relies. Grounds not raised in the trial court cannot be considered on appeal. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249.

Affirmed.

---

[1] Cf. Pentz v. Pennsylvania Fire Ins. Co., 92 Md. 444, 48 A. 139; Davidson v. American Cent. Ins. Co., 80 N.H. 552, 119 A. 707; Poole's Seed & Implement Co. v. Rudene, 117 Wash. 150, 200 P. 1104.