## COLUMBIA OPERATING CORPORATION v. KETTLER.

### No. 797.

Municipal Court of Appeals for the District of Columbia.

Submitted May 16, 1949.

Decided June 20, 1949.

Michael J. Keane, Jr. and Karl Michelet, Washington, D. C., for appellant.

Dan Piver, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge. ·

This appeal involves the question of burden of proof when a claim is asserted for damage to an automobile while stored for hire in a parking-garage. The sole issue is whether there was sufficient evidence to sustain a finding of the trial court that the garage operator was liable to the automobile owner. The garage owner appeals on the ground that the judgment below was not supported by substantial evidence and was plainly wrong.

Plaintiff, owner of the damaged automobile, parked it with defendant. One of defendant's employees drove it up a ramp to the second floor of the garage building. On that floor there were two aisles, one for incoming and one for outgoing automobiles. The testimony of the employee was that when he reached the second floor level he observed a second vehicle approaching and a third parked ahead of him, unattended, in the traffic aisle in which he was driving. He then applied the brakes in order to stop behind the parked automobile so that the one approaching could pass.

According to this employee (he was the only witness of the accident who testified), he was about 18 feet from the rear of the parked car when he discovered that "he had no brakes." The approaching automobile was about 49 feet from the rear of the parked automobile when he first observed it. He was traveling between 5 and 10 miles per hour. The employee applied the foot brake, but, he testified, the brake pedal went to the floor and there was no braking reaction. He then reached for the hand brake but did not pull it because he was too close to avoid colliding with the rear bumper of the parked vehicle. Plaintiff's automobile crashed into the parked car, resulting in damages in the amount awarded to plaintiff by the trial court. There was undisputed evidence that following the accident the foot brake would not work and included in the work done afterwards was repair of the master cylinder by which the brake is controlled.

Plaintiff testified that shortly prior to the accident his automobile, a 1936 model, had passed inspection in Virginia and that just before the accident he had driven the car from 20 O Street, S.E., to 1816 Eye Street, N.W., the address of the parking garage, and that during the entire ride through traffic in the late afternoon he had experienced no difficulty with his brakes. The only other significant testimony was that of the manager of the garage, who did not qualify as an expert in automobile mechanics, that in his opinion the collision in the garage was not of such a type as could or would damage the wheels, drums, axle, or the master cylinder controlling the brakes.

■ The rule of law applicable to such a situation was recently repeated by us as follows:

"While it is well established that the proof of the delivery * * * and failure of the bailee to return * * * makes out a prima facie case for the plaintiff, even in case of a gratuitous bailment, requiring the defendant to go forward with proof, such proof need not necessarily consist of an explanation or justification of the loss. Of course, if the bailee can establish that the loss was due to a cause in no way connected with the lack of proper care on his part, this will constitute a good defense; but a good defense may also be made out by affirmative proof that the bailee exercised that degree of care which the particular bailment called for even though he may not be able to explain or justify the loss. Either defense presents a question of fact." [1]

■ Here, when plaintiff proved the delivery of his automobile to defendant and its return in a damaged condition, he made out what is sometimes called a prima facie case. Discussing the resulting situation with respect to the burden of proof, the Supreme Court has said:

"If the bailee fails [to explain the damage] it leaves the trier of fact free to draw an inference unfavorable to him upon the bailor's establishing the unexplained failure to deliver the goods safely. * * * Whether we label this permissible inference with the equivocal term 'presumption' or

---

[1] Firestone Tire & Rubber Co. v. Hillow, D.C.Mun.App., 65 A.2d 338, 339, . quoting from Barclay, Inc. v. Maxfield, D.C.Mun.App., 48 A.2d 768, 770.

consider merely that it is a rational inference from the facts proven, it does no more than require the bailee, if he would avoid the inference, to go forward with evidence sufficient to persuade that the non-existence of the fact, which would otherwise be inferred, is as probable as its existence. It does not cause the burden of proof to shift, and if the bailee does go forward with evidence enough to raise doubts as to the validity of the inference, which the trier of fact is unable to resolve, the bailor does not sustain the burden of persuasion which upon the whole evidence remains upon him, where it rested at the start." [2]

Applying these principles to the present facts, we are unable to say as a matter of law that the trial court, which tried the case without a jury, was plainly wrong in holding that the accident was caused by the negligence of defendant or his employee and that plaintiff was not guilty of contributory negligence. Several elements exist which lead to this conclusion. So far as contributory negligence is concerned, the trial court was entitled to believe plaintiff's evidence that his foot brake was in working order when he delivered the automobile to defendant or at least that he believed it to be in working order. From the standpoint of the negligence of defendant or its employee, the trial court was entitled to consider the following factors among others: Does an ordinarily prudent driver getting into a strange automobile test the brakes, particularly when he is about to go up a steep incline? Was one of the proximate causes of the accident the negligence of the garage in leaving an unattended automobile on the second floor in the aisle to be followed by cars emerging from the incline? Was the admitted bad condition of plaintiff's foot brake after the accident caused by the accident itself? Was defendant's employee's failure to use the hand brake negligence, having in mind that the stopping distance of an automobile going 10 miles per hour after depressing the brake while driving on dry concrete is about 4 feet and that the employee testified that he was 18 feet from the parked automobile when he discovered that "he had no brakes"? [3] If the trial court answered all these questions or even some of them against defendant, it could have concluded that defendant or his employee did not exercise reasonable care and that such lack of care was a proximate cause of the accident. Furthermore, of course, the trial court was not compelled to accept the employee's testimony but was entitled to take into consideration the natural inclination of such an employee to exculpate himself.

Therefore, while we might have reached a contrary conclusion had we been the triers of the facts, we are unable to say that the conclusion of the trial court was not supported by substantial evidence or was plainly wrong.

Affirmed.

---

[2] Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 111, 62 S.Ct. 156, 161, 86 L.Ed. 89; see also 9 Wigmore, Evidence (3rd ed.) §§ 2489, 2491, 2494.

[3] While the cited rule is derived from the use of foot brakes, we are convinced that it is equally applicable to hand brakes.