## HECHT CO. v. LEITE.

### No. 1362.

Municipal Court of Appeals for the District of Columbia.

Argued July 28, 1953.

Decided Aug. 20, 1953.

Dexter M. Kohn, Washington, D. C., for appellant.

Howard J. McGrath, Washington, D. C., with whom H. G. Warburton, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Defendant, Hecht Company, is the operator of a parking lot for hire. Plaintiff delivered her automobile to defendant's employees for parking and it was returned to her in a damaged condition. This suit was to recover the amount of the damage.

Plaintiff did not appear at the trial or testify, and no evidence was introduced in her behalf, but the parties stipulated that there had been a bailment of plaintiff's automobile, that the automobile was returned to plaintiff in a damaged condition, and also stipulated as to the extent of the damage.

For defendant, a written statement by the assistant parking lot manager, DuBois, was read into the record and it was stipulated that his testimony would be the same had he been in court. DuBois said he had given plaintiff a parking ticket and directed her to a ramp; also that he told her to leave the vehicle there with the keys in it, to set the handbrake and that an attendant would park it later. One of defendant's parking attendants testified that there were three cars, one of which was on the level at the bottom of the ramp, in front of

plaintiff's. His testimony was that plaintiff's car had been left so that the front half was on the upper part of the ramp and the back part was on the level. He was unable to say whether plaintiff's car was touching the car parked immediately in front of it on the ramp or if there was a space between the cars. He testified that he moved all three cars in front of plaintiff's and while he was moving the last one as he made a turn at the bottom of the ramp, he heard a crash, turned and saw that plaintiff's car had crashed into a pillar at the bottom of the ramp. (Although the evidence does not so state, it leaves no doubt that no human hand was at the wheel of plaintiff's car during its descent down the ramp.) The attendant went over to the car, looked inside it, and observed that the handbrake was in a released position. He said it took him approximately ten minutes to move the cars in front of plaintiff's. The parking lot manager said that after the collision he also ascertained that the emergency brake was in a released position. The trial judge held defendant liable.

On this appeal defendant concedes that proof of delivery of the automobile and its return in a damaged condition was sufficient to constitute a prima facie case for plaintiff and would, without more, permit an inference that its employees had failed to exercise care with respect to the vehicle while it was in defendant's custody. But defendant contends that it presented evidence "leading to an inescapable conclusion" that it exercised the requisite degree of care and that, therefore, on the whole evidence, plaintiff has failed to show any negligence on the part of defendant's employees.

In another case involving an automobile bailed to a parking lot we have said: "While it is well established that the proof of the delivery * * * and failure of the bailee to return * * * makes out a prima facie case for the plaintiff, even in case of a gratuitous bailment, requiring the defendant to go forward with proof, such proof need not necessarily consist of an explanation or justification of the loss. Of course, if the bailee can establish that the loss was due to a cause in no way connected with the lack of proper care on his part, this will constitute a good defense; but a good defense may also be made out by affirmative proof that the bailee exercised that degree of care which the particular bailment called for even though he may not be able to explain or justify the loss. *Either defense presents a question of fact.*" Columbia Operating Corporation v. Kettler, D.C.Mun.App., 67 A.2d 267, 268. (Emphasis added.)

Applying the law as thus stated to the circumstances of this case, we think it clear that this court cannot rule that defendant's employees were or were not negligent as a matter of law. The evidence does not answer some doubtful aspects of the case which are proper considerations in resolving the question of the requisite care which should have been given plaintiff's automobile. The car rested on a slant for approximately ten minutes when suddenly, and for an unexplained reason, it began its downward journey. It may have been that plaintiff did not set the brakes and it was resting against the vehicle in front of it and began to roll when the supporting vehicle was moved. But the evidence does not preclude an inference that plaintiff in fact set the brake and something else put the car in motion. Even if it be assumed that plaintiff did not set the brake, we cannot say that the attendants were not negligent in failing to observe that plaintiff's automobile was touching the next one in line or that if it was so observed, there was no negligence in not anticipating that it would roll when the front one was removed. Accordingly, it must be held that the sum total of defendant's evidence does not lead "to an inescapable conclusion" that defendant's employees exercised the care required of them. It does not preclude the inference of negligence permitted by plaintiff's prima facie case. Therefore, the ultimate question was one of fact. Though we might have taken a different view of the facts, such is not the test by which we are to decide appeals. Unless we can say that the judgment was plainly wrong, our duty is to affirm.

Affirmed.