E. P. HINKEL & CO., Inc.

v.

SNYDER et al.

No. 1447.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 18, 1954.

Decided Feb. 3, 1954.

Samuel Green, Washington, D. C., with whom William J. Donnelly, Jr., Washington, D. C., was on the brief, for appellant.

Samuel J. L'Hommedieu, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees, who had delivered a rug to appellant to be cleaned and stored for approximately six months brought an action alleging that the rug was returned in a discolored and damaged condition. This appeal is from a judgment in their favor.

Appellant argues that the trial court was in error in finding it responsible for the damage to the rug. Appellees' testimony

was that the rug was in a perfect condition when delivered to appellant and in a damaged condition when returned. Appellant offered no evidence as to the condition of the rug when received by it and its receipt for the rug did not indicate it was then in a damaged condition. Neither did appellant dispute the fact that the rug was discolored when returned to appellees. Appellant offered evidence of its usual method of cleaning and storing rugs and according to its witnesses the discoloration of the rug could not have resulted from the cleaning and storing methods used by appellant. Appellees' evidence made out a prima facie case and it was a question of fact for the trial court whether such case was overcome by appellant's evidence.[1]

■ The second claim of error relates to the refusal of the trial court to permit an expert witness for appellant to be questioned about water stains on some drapes in the living room of appellees' home. It appears that on the day before trial the parties, their counsel, the expert witness, and the trial judge had viewed the rug in appellees' living room. The record does not show what question was asked the witness or what answer the witness was expected to give. Under these circumstances, the record does not disclose error. Furthermore, since the visit of the witness to appellees' home occurred nearly three years after the rug was returned by appellant, on the record before us it would appear that the condition of the drapes at the time of the visit had no relevance to the issue in the case.

■ The third claim of error relates to the amount of the judgment. Appellees bought the rug in 1940 for $315. The price of a new rug of its size and type in 1950, the year in which appellees' rug was damaged, was approximately $700. The only testimony as to the value of the rug in its damaged condition was that of appellees, one of whom said it was worth $100 and the other $150. The trial court gave judgment for $400. Appellant says the award was excessive. Perhaps it was generous but in cases of this type damages cannot be measured with mathematical accuracy. In view of the testimony that the rug was in perfect condition when delivered to appellant and the fact that the rug in its damaged condition was seen by the trial judge, we cannot rule that the judgment was so excessive as to constitute reversible error.

Affirmed.

1. Hecht Co. v. Leite, D.C.Mun.App., 99 A.2d 87; Columbia Operating Corporation v. Kettler, D.C.Mun.App., 67 A.2d 267; Firestone Tire & Rubber Co. v. Hillow, D.C.Mun.App., 65 A.2d 338.