**James McD. SHEA, Appellant,**

**v.**

**Bessie E. FRIDLEY and Gladys L. Miller, Appellees.**

**Gladys L. MILLER, Appellant,**

**v.**

**Bessie E. FRIDLEY and James McD. Shea, Appellees.**

Nos. 1759, 1760.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1956.

Decided June 11, 1956.

Robert T. Smith, Washington, D. C., for appellant Gladys L. Miller.

P. Michael Cook, Washington, D. C., for appellee Bessie E. Fridley.

John B. Cullen, Washington, D. C., for appellant James McD. Shea.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Plaintiff, Bessie E. Fridley, sued Gladys L. Miller alleging that she had sublet a furnished apartment to the defendant under an oral contract and that the latter, when she vacated the apartment, converted to her own use certain of the furniture and furnishings entrusted to her under the contract. Defendant Miller denied the conversion and filed a third-party complaint against James McD. Shea, owner of the apartment building, alleging in turn that his resident manager had authorized her to store the property in the basement of the building and that when she moved from the apartment the property was missing. She asked for judgment against Shea in any amount found by the court to be due by her to plaintiff Fridley.

In support of her claim plaintiff Fridley testified substantially as alleged in her complaint and introduced over objection two inventories made by her listing the items of furniture and furnishings in the apartment at the time of the lease and the articles missing when Miller vacated the apartment. Defendant Miller produced no evidence but instead rested on her motion for directed findings. The trial judge found for plaintiff Fridley and Miller proceeded with her claim against Shea.

Her testimony was as alleged in her complaint with the exception of the added fact that she retained the key to the individual locker assigned to her for storage. The evidence in behalf of Shea was to the effect that the individual storage lockers were in a separate room in the basement of the apartment building and that the janitor and two others had keys to the storage room door which was kept locked. Shea's janitor testified that he had keys to some of the individual lockers but not to Miller's. Shea's property manager testified to the provisions in the lease to Fridley which absolved the lessor of liability for stored property and in rebuttal Miller testified that she did not know of the conditions of the lease between Shea and plaintiff Fridley, and had never seen the lease.

At the close of the evidence, the trial judge found for Miller on her third-party complaint. Both Miller, as the original defendant, and Shea, as third-party defendant, have appealed.

*Defendant's appeal:* In her appeal defendant Miller contends that plaintiff Fridley failed to prove a conversion of the furnishings as alleged in her complaint.

Conversion has generally been defined as any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto.[1] And where the defendant's initial possession is lawful, the settled rule is that in the absence of other facts and circumstances independently establishing conversion, a demand for its return is necessary to render his possession unlawful and to show its adverse nature.[2] In her complaint plaintiff simply alleged a lease of the property to Miller and her subsequent conversion of the furnishings. Nowhere is there any allegation or proof of a demand for their return, nor a showing of other facts sufficient to establish a conversion independent of any demand. That being so, we have no choice but to rule that plaintiff Fridley failed to make out a case of conversion against Miller.

However, as our Court of Appeals has said, "Even though a tort claim was not stated in the complaint, we should determine whether its allegations set up any other cause of action, for the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states."[3] Thus, where a complaint states facts showing that the action is upon a contract, it will be considered as an action ex contractu even though the complaint alleges a conversion and seeks remedies ex delicto.[4]

Accordingly, we turn to plaintiff's complaint. Although it is true, as we have said, that she has failed to state a case of actionable conversion, it is equally clear that she has stated a cause of action ex contractu for breach of the oral lease of the furniture in suit. A bailee who fails to return bailed property at the termination of the bailment without excuse or reason, violates the implied conditions of the bailment and is liable for the property withheld.[5] Since defendant Miller offered no defense but instead elected to rest on her motion for directed findings, we must of course review the evidence and the legitimate inferences therefrom in the light most favorable to plaintiff and if she has

1. Interstate Insurance Co. v. Logan, 205 Md. 583, 109 A.2d 904; Seip v. Gray, 227 Ind. 52, 83 N.E.2d 790; Wood v. Frank Graham Co., 91 Ga.App. 621, 86 S.E.2d 691; Hildegarde, Inc., v. Wright, 244 Minn. 410, 70 N.W.2d 257; Martin v. Sikes, 38 Wash.2d 274, 229 P.2d 546; Jessen v. Blackard, 159 Neb. 103, 65 N.W.2d 345; Magic City Steel & Metal Corp. v. Mitchell, Okl., 265 P.2d 473; Meyers v. Meyers, 214 Ark. 273, 216 S.W.2d 54; Heuer v. Wiese, 265 Wis. 6, 60 N.W.2d 385; 2 Cooley on Torts, § 331, p. 498.

2. Fletcher v. Pump Creek Gas & Oil Syndicate, 38 Wyo. 329, 266 P. 1062, 61 A.L.R. 615; Hellier v. Achorn, 255 Mass. 273, 151 N.E. 305, 45 A.L.R. 788; King v. Loeb, 93 Ga.App. 301, 91 S.E.2d 532; Nelen v. Cowell, 45 R.I. 465, 123 A. 897; Community Acceptance Corp. v. Falzone, 343 Ill.App. 258, 98 N.E.2d 788; Fidelity & Deposit Co. of Maryland v. Farmers & Citizens Bank, 72 Ohio App. 432, 52 N.E.2d 549; Slosberg v. Callahan Oil Co., 125 Conn. 651, 7 A.2d 853; Farrow v. Ocean County Trust Co., 121 N.J.L. 344, 2 A.2d 352; First Nat. Bank of Fleischmanns v. Creamery Package Mfg. Co., Sup., 21 N.Y.S.2d 976; 2 Cooley on Torts, § 335, p. 517.

3. Aktiebolaget Bofors v. United States, 90 U.S.App.D.C. 92, 194 F.2d 145, 148.

4. National Discount Corp. v. O'Mell, 6 Cir, 194 F.2d 452; Parker State Bank v. Pennington, 8 Cir., 9 F.2d 966; Minez v. Merrill, D.C.S.D.N.Y., 43 F.2d 201. See also, Nester v. Western Union Telegraph Co., D.C.S.D.Cal., 25 F.Supp. 478, affirmed 9 Cir., 106 F.2d 587, reversed on other grounds 309 U.S. 582, 60 S.Ct. 769, 84 L.Ed. 960; 4 Cyclo.Fed.Proc., § 14.-227, p. 276.

5. 6 Am.Jur., Bailments § 208 et seq.; 8 C.J.S., Bailments, § 37 et seq., and cases cited.

made a prima facie showing of such breach the trial court's ruling must be affirmed.[6]

Plaintiff testified that she leased the apartment furnished to the defendant and that the latter took possession in August 1949. She stated that she made an inventory of the furniture in the apartment prior to Miller's possession and another on her vacation of the apartment. Both lists were admitted in evidence. Under our law this was sufficient to make out a prima facie case against Miller. This court has many times held that proof of delivery of goods and failure of the bailee to return them makes out a prima facie case for the plaintiff.[7] Accordingly, the defendant having failed to show any justification or excuse, the trial court was free to find for the plaintiff.

Another contention is that plaintiff's written memoranda of the furnishings leased and those missing when Miller left the premises, should not have been admitted in evidence. While the record is not clear, we think it must be presumed that the memoranda were treated by the court as a record of the plaintiff's past recollection. Combined the lists contained well over 200 items of furniture and furnishings. It is inconceivable that the average witness could testify to such an assembly of facts from memory and in the absence of a clearer showing of the circumstances surrounding the admission of the memoranda they were admissible as a part of plaintiff's past recollection recorded.[8]

In a final contention defendant claims that plaintiff Fridley was incompetent to testify as to the value of the missing articles. But, as this court said in Manning v. Lamb, D.C.Mun.App., 89 A.2d 882, 884, "The prevailing rule is that the owner of an article, whether or not he is generally familiar with the value of like articles, may testify as to his estimate of the value of his own property. * * * Lack of general knowledge goes to the weight of the testimony and not to its competency. This rule has special application in cases of lost or destroyed household goods and wearing apparel where ordinarily the standard of market value is recognized as not furnishing adequate compensation and resort is had to the standard of actual value to the owner."[9] Accordingly, we think that plaintiff as owner of the personalty was qualified to testify as to its value.

*Third-party defendant's appeal:*

In his appeal as third-party defendant, Shea contends the trial court's finding for Miller as third-party plaintiff was error. Since the finding was general we must of course accept the evidence most favorable to Miller's case,[10] and as

6. Easter v. Kass-Berger, Inc., D.C.Mun. App., 121 A.2d 868; Talbott v. Yellow Cab Co. of D.C., D.C.Mun.App., 121 A. 2d 262; Manhattan Storage & Transfer Co. v. Davis, D.C.Mun.App., 117 A.2d 120.

7. Sims v. Roy, 42 App.D.C. 496; National Mortgage & Inv. Corp. v. Shulman, D.C. Mun.App., 104 A.2d 420; Hecht Co. v. Leite, D.C.Mun.App., 99 A.2d 87; Columbia Operating Corporation v. Kettler, D.C.Mun.App., 67 A.2d 267; Eschinger v. United Mut. Fire Ins. Co., D.C.Mun. App., 61 A.2d 725; Barclay, Inc., v. Maxfield, D.C.Mun.App., 48 A.2d 768.

8. Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F.2d 13, certiorari denied 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584; Fowler v.

Stanford, D.C.Mun.App., 89 A.2d 885. See also, United States v. Riccardi, 3 Cir., 174 F.2d 883, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746; Fisher v. Swartz, Mass., 130 N.E.2d 575; and 3 Wigmore, Evidence (3rd Ed. 1940), §§ 734–755.

9. See also Yonan Rug Service v. United Services Automobile Ass'n, D.C.Mun. App., 69 A.2d 62; Walsh v. Schafer, D.C. Mun.App., 61 A.2d 716, and for general discussion of this subject see, Note, 12 A.L.R.2d 902.

10. Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108; Allen v. Walker, D.C.Mun. App., 91 A.2d 395; Kraft v. Lowe, D.C. Mun.App., 77 A.2d 554; Shu v. Basinger, D.C.Mun.App., 57 A.2d 295.

tending to establish the following facts. Miller was given permission by Shea's former resident manager to store certain furnishings in a locker provided for such purposes in the basement storage room of the apartment house. Pursuant to this permission she did in fact store certain items in the locker, retaining a key to the particular locker she used, and when she moved from the apartment, the locker was empty.

■ At this juncture in the case it is clear that under the rules set out above, Miller's evidence was sufficient to establish a prima facie case against Shea and the burden of proceeding with the evidence shifted to him to explain or justify the loss, or to introduce evidence showing an exercise of that degree of care which the bailment called for.[11] Under the circumstances of this case, by virtue of the provisions of the lease, Shea's liability was limited to acts of gross negligence, willful conduct, or fraud.[12] Thus, the burden was Shea's to produce evidence of his exercise of some care or diligence in regard to the bailed property, or to otherwise justify or explain its loss.

The substance of defendant Shea's evidence is found in the testimony of his janitor who testified that the storage lockers or bins were in a separate room in the basement of the apartment and that each locker was separated by wire and each had a door with a lock. He testified that he and two others had keys to the storage room

door which was always kept locked, but although he had keys to some of the individual locker doors he did not have one to Miller's.

■ The failure to exercise even slight care is to be grossly negligent; to say that Shea failed to exercise even slight care over the property bailed to him is to say that he was grossly negligent in its supervision, and, in this jurisdiction, negligence to be gross must be such negligence as would " 'shock fair-minded men' ",[13] or, " * * * negligence of such magnitude as to be gross in character." [14] We do not think that Shea's conduct was of such a nature. Although the evidence is not as explanatory as it might be, it is clear that the property delivered to him as bailee was stored in an individual locker or bin with its own door and lock and that the locker itself was located within the confines of a locked room. While the janitor testified that two others besides himself had keys to the storage room, it would be difficult to say that this in itself was sufficient to constitute a failure to exercise even slight care in the supervision of the property, or that because of that fact Shea was grossly negligent.

Accordingly, we must rule as a matter of law that Miller failed in her over-all burden of proving by a preponderance that Shea was grossly negligent, or guilty of willful conduct, or fraud;[15] and in addition thereto, we hold that Miller offered no

11. Smith's Transfer & Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300; National Mortgage & Inv. Corp. v. Shulman, D.C.Mun.App., 104 A.2d 420; Hecht Co. v. Leite, D.C.Mun.App., 99 A.2d 87; Columbia Operating Corporation v. Kettler, D.C.Mun.App., 67 A.2d 267; Firestone Tire & Rubber Co. v. Hillow, D.C.Mun.App., 65 A.2d 338.

12. Manhattan Storage & Transfer Co. v. Davis, D.C.Mun.App., 117 A.2d 120; Boiseau v. Morrissette, D.C.Mun.App., 78 A.2d 777; Barclay, Inc., v. Maxfield, D.C.Mun.App., 48 A.2d 768; Palace Laundry Dry Cleaning Co. v. Cole, D.C.

Mun.App., 41 A.2d 231; Manhattan Co. v. Goldberg, D.C.Mun.App., 38 A.2d 172.

13. Krueger v. Taylor, 77 U.S.App.D.C. 112, 132 F.2d 736; Maxfield v. Barclay, Inc., D.C.Mun.App., 53 A.2d 276.

14. Maxfield v. Barclay, Inc., D.C.Mun. App., 53 A.2d 276, 278.

15. Smith's Transfer & Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300; Columbia Operating Corporation v. Kettler, D.C.Mun.App., 67 A.2d 267; Firestone Tire & Rubber Co. v. Hillow, D.C. Mun.App., 65 A.2d 338.

testimony of the value of the articles she stored in the locker.

The judgment against Shea in No. 1759 is reversed; the judgment against Miller in No. 1760 is affirmed.