Nancy WILLSON, Appellant,

v.

SUNTRUST BANK, et al., Appellees.

No. 03–7194.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 21, 2004.

Rehearing En Banc Denied
Feb. 11, 2005.

Patricia Dwyer Douglass, Law Office of Patricia D. Douglass, Great Falls, VA, for Plaintiff–Appellant.

Alexander Neal Barkus, Hunton & Williams LLP, Washington, DC, for Defendants–Appellees.

Before HENDERSON, TATEL, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's grant of summary judgment on December 2, 2003, is affirmed.

Nancy Willson was fired from her position as manager of a bank branch office. Two months before the firing, the branch had been robbed of $41,500, and an ensuing investigation revealed significant security breaches caused in large part by Willson's failure to manage her subordinates effectively. After she was fired, Willson brought suit against the bank, her immediate supervisor Cheryl Shackleford, and other bank officials, alleging retaliation and race, gender, and age discrimination. She also alleged that Shackleford unlawfully converted her property while clearing out her office. The district court granted summary judgment to the defendants on all counts. Willson contends this is error and now appeals.

■ 1. Willson's retaliation claim stems from a complaint she filed with the bank's human resources department in October 1999—15 months before she was fired—alleging discriminatory treatment by Shackleford. To establish a *prima facie* case for retaliation, a plaintiff must show, *inter alia,* that a "causal connection exists between" her complaint and her firing. *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985). In the proceedings below, Willson presented no probative evidence of a causal connection. Rather, the official who fired her—whom Willson does not charge with discrimination—indicated he based his decision solely on reports concerning the security failures and Willson's overall operational deficiencies. Moreover, while mere temporal proximity between an employee's protected activity and her termination can sometimes raise an inference of causation, such proximity must be closer than the 15 months at issue here. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam); *Holbrook v. Reno,* 196 F.3d 255, 263 (D.C.Cir.1999). Accordingly, summary judgment was proper on this count.

■ 2. Willson also argues that she was let go because of her status as a "mature white woman." As she could not produce any direct evidence of discrimination, her claim is governed by the familiar burden-shifting test of *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Willson appears to fail at the *prima facie* stage of *McDonnell Douglas,* as she did not show that the bank has retained any branchmanagers outside her protected class under similar circumstances. *See Holbrook,* 196 F.3d at 261 (plaintiff must demonstrate "that she and [a] similarly situated person [outside her protected class] were treated disparately"). Even if Willson could make out a *prima facie* case, she failed to counter the bank's legitimate, nondiscriminatory reasons for terminating her employment. As already noted, the official who fired her said he relied on reports about the robbery and her poor performance, and Willson produced no evidence rebutting his deposition testimony.

■ 3. Finally, conversion requires "unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." *Shea v. Fridley,* 123 A.2d

358, 361 (D.C.1956). Here, Shackleford explained that she went through Willson's office to separate Willson's personal property from items belonging to the bank. Most of Willson's property was returned to her. As for the items that were not, Willson offered only her own speculation that these were maliciously destroyed by Shackleford, rather than lost or mislaid.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).