SEA SEARCH ARMADA,
Plaintiff–Appellant

v.

REPUBLIC OF COLOMBIA,
Defendant–Appellee.

No. 11–7144.

United States Court of Appeals,
District of Columbia Circuit.

April 8, 2013.

James Delsordo, Argus Legal, LLC, Manassas, VA, for Plaintiff–Appellant.

Ramon P. Marks, Arnold & Porter LLP, New York, NY, Paolo Di Rosa, Robert Reeves Anderson, Arnold & Porter LLP, Washington, DC, for Defendant–Appellee.

Before: ROGERS, Circuit Judge, and GINSBURG and SENTELLE, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Sea Search Armada brought suit in 2010 against the Republic of Colom-

bia for events arising out of Sea Search's attempts to salvage a wrecked ship carrying what Sea Search claims to be treasure in the value of between $4–17 billion. Sea Search claims that acts of the Colombian government, including legislation, worked a conversion of its right in this property (which no one has yet recovered), and alternatively that it is entitled to recover for breach of contract, and enforcement of a Colombian court judgment. Largely for the reasons set forth by the district court in *Sea Search Armada v. Republic of Colombia,* 821 F.Supp.2d 268 (D.D.C.2011), we conclude that the district court properly granted appellee's motion to dismiss.

■ While we will not rehash the district court's opinion, we note briefly that the claim under the purported Colombian judgment (which appellant has yet to produce), is completely without merit. Appellant's claims fail under the Uniform Foreign Money–Judgments Recognition Act, D.C.Code § 15–363, which applies to a foreign judgment *"to the extent that the judgment . . . [g]rants or denies recovery of a sum of money."* (Emphasis added.) The purported but unproduced judgment, according to plaintiff's own description, does not grant or deny recovery of a sum of money; rather it allegedly awarded plaintiff a 50% stake in any treasure eventually recovered.

■ With respect to all other claims of the appellant, the district court correctly ruled that they are barred by the three-year statute of limitations. The district court correctly ruled that a conversion claim, if any, accrued in 1984, far outside the statute of limitations period. Although appellant argues that the district court incorrectly stated that appellant provided no dates for wrongdoing after July 5, 2007, any misleading statement by the court on that subject is immaterial. As the district court correctly ruled, any conversion claim by Sea Search arose in 1984, when Colombia first attempted to take full ownership of the wrecked galleon. *Sea Search Armada,* 821 F.Supp.2d at 273. Under D.C. law, a conversion claim accrues at the moment a defendant unlawfully acquires property. *See Malewicz v. City of Amsterdam,* 517 F.Supp.2d 322, 335 (D.D.C. 2007) (citing *Shea v. Fridley,* 123 A.2d 358, 361 (D.C.1956)). Any further allegations of later conduct cannot change the accrual date of the alleged claim for conversion.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed R.App. P. 41(b); D.C.Cir. R. 41.