THE PEOPLE *ex rel.* DAVIS *v.* MIDDLETON *et als.* COM-
MISSIONERS OF THE FUNDED DEBT OF THE CITY OF SAN
FRANCISCO.

THE Commissioners of the Funded Debt of the city of San Francisco have power,
under the 12th Section of the Act of May 1st, 1851, authorizing them to sell the
realty conveyed to them by the Commissioners of the Sinking Fund, created by
ordinance of said city, to receive the "three per cent. scrip" of the city instead
of cash on the sale, it being conceded that the assets of the city were sufficient
to pay all debts.

*Query,* whether the Statute of Limitations runs against a trust like this of the Com-
missioners of said funded debt, and whether they may not pay claims barred.

APPEAL from the Twelfth District.

The only question raised by the answer was a doubt as to the
power of the Commissioners to receive the scrip, because barred
by the statute.   The Statute of Limitations was not directly set
up.

The Court below denied the writ.

*Shattuck, Spencer & Reichert* for Appellant.

1. Being charged with a special trust, the funding or payment
of the floating debt of the city, the Commissioners cannot plead
the Statute of Limitations as to their *cestuis que trust.*   They
have power to lease or sell the lands for its liquidation, but no
power to plead the statute.   (2 Sto. Eq. Sec. 1521, A.; 1 Lom. Dig.
632; *Redwood* v. *Reddick,* 4 Munf. 222; *Spotswood* v. *Dandridge,* 4
Hen. & Munf. 189; *Deconche* v. *Laviter,* 3 John. Ch. 190; 1 Yerg.
297; 3 Id. 201; 2 Dess. 53; 3 Litt. 177; 4 Id. 474.)

2. If the Respondents could, if sued upon the scrip, have plead
the Statute of Limitations, it is too late to do it now.   If they
were not in duty bound to sell property for its payment, they
certainly had the power to do so.   (Sec. 12 of the Act.)   They
were not in duty compelled to consider the scrip barred.   Even
executors and administrators plead it, or not, at their option,
and cannot be compelled to plead it.   (*Norton* v. *Frieker,* 1 Atk.
526; *Carleton* v. *Fanshaw,* Prec. Ch. 100; *Ex parte Dawdrey,* 15
Ves. 498; 2 Sto. Eq. Note 1, Sec. 1521, *b.*)

But these Commissioners were not so compelled.   They had
full power to receive the scrip as well as to sell the property—

they exercised such power in publishing the terms of the sale. It was a contract offered to the public openly.    The relator accepted the offer, and it became a valid contract.

3. Could trustees plead the Statute of Limitations against their *cestuis que trust,* and could they do this after a public acknowledgment of the validity of the indebtedness, and their offer to receive it in payment for lands sold, the plea of the statute should be a formal one.

The mere allusions to the time when the scrip was issued, and their doubt of power to receive it, is not sufficient.    To avail themselves of the Statute of Limitations as a defense, it should be specially and formally pleaded.    (Chit. Plead. Side p. 472.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This was an application for a *mandamus,* and is based on this state of facts : The defendants advertised for sale a lot in San Francisco, which had been conveyed to them in trust.    The sale was to be by public auction, and the terms were to be cash or three per cent. scrip.    This scrip was part of the floating debt of the city mentioned, and the payment provided for by the Act of May 1st, 1851.    The relator was the highest bidder, and tendered the amount of the purchase in scrip, and demanded a deed. This being refused, this application is made.    The 12th Section of the Act of 1851, (Acts, 390,) is as follows : " The Commissioners of the Sinking Fund created by ordinance of the Common Council, are hereby required to convey to the Commissioners of the Funded Debt of the city of San Francisco, created by this act, on their application therefor, all the property, and all the rights, titles, and interests, in property belonging to said city ; and to pay over into the hands of said Commissioners any funds, notes, securities, or other assets, belonging to said city which they may have received, or may hereafter receive, by virtue of Art. 3, of an Act entitled 'An Act to Incorporate the City of San Francisco,' approved the 14th day of April, 1851 ; said Commissioners shall have the right, at such time and place as in their discretion the interest of the city may require, to expose at public sale, or to lease the property to be conveyed, as provided in

this section, and they shall apply the proceeds of such sale or lease to the liquidation of the floating debt of said city."

We think the Commissioners had the right to sell the property on the terms advertised. Having expressly the powers to sell the realty conveyed to them, and to apply the proceeds to the payment of the city debts, it was within the discretion of the Commissioners to receive those debts immediately as credits, instead of receiving the money and then so appropriating it—provided, that there were sufficient assets to pay all the debts. But there is no complaint on this score. The fact that this scrip was barred by the statute of limitations—if this be so, which is not admitted—is no objection to the enforcement of this contract. Neither the city nor the Commissioners set up this equivocal defense; and it is not at all apparent that the statute runs against a trust of this sort.

We think that the Commissioners should have received the scrip and made the deed.

Judgment reversed and cause remanded.