MOSES ELLIS, APPELLANT, *v.* THE COMMISSIONERS OF THE FUNDED DEBT OF SAN FRANCISCO, *et al.,* RESPONDENTS.

COMMISSIONERS OF THE FUNDED DEBT OF THE CITY OF SAN FRANCISCO.—The Commissioners of the Funded Debt of the City of San Francisco are the exclusive judges of the necessity for the sale or lease of the property of the city held by them in trust, until the trust is finally closed, and their action cannot be interfered with; nor their discretion be controlled by the city, or its assignee, except on the ground of fraud, or a gross abuse of discretion by the Trustees.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The case is stated in the opinion.

*E. B. Mastick,* for Appellant.

*William H. Patterson,* of Counsel.

*Haight & Temple,* for Respondent.

CROCKETT, J., delivered the opinion of the Court:

This is an appeal from an order dissolving a temporary injunction issued to restrain the Commissioners of the Funded Debt of the City and County of San Francisco from exposing to sale a lot in said city and county to which the plaintiff claims to have acquired the title originally held by the city, and the chief ground of equity relied upon is, that

the said Commissioners have in their hands ample funds, exclusive of the value of this lot, with which to discharge all the outstanding indebtedness which is a charge upon the fund, and consequently that a sale of the lot in contest is wholly unnecessary for the purposes of the trust. It is evident the plaintiff has no title to the lot, except subject to the trust. His claim of title is founded on a judgment, execution sale. and Sheriff's deed, long subsequent to the creation of the trust, and the title thus acquired cannot impair or interfere with the power of the Trustees over the Trust Fund, of which this lot is a portion. By Section 12 of the Act creating the trust, the Commissioners are authorized, "at such time and place as in their discretion the interest of the city may require, to expose at public sale, or to lease the property to be conveyed, as provided in this section, and they shall apply the proceeds of such sale or lease to the liquidation of the floating debt of said city." (Statutes 1851, page 390.)

The Commissioners are the exclusive judges of the necessity for such sale or lease until the trust is finally closed, and their action in this respect cannot be impugned, nor their discretion controlled by the city or its grantee, except on the ground of fraud or a gross abuse of discretion by the Trustees. The assets in the hands of the Trustees for the payment of the trust debt consist largely of stocks, bonds and other securities of fluctuating value, and until the time shall arrive for closing the trust, it will be impossible to ascertain whether or not they are sufficient to extinguish the trust debt. In the meantime the Commissioners have the power, and it is their duty, to provide against contingencies by raising a fund by the sale of property, if necessary, which shall be certainly and reasonably sufficient to pay the debt and accruing expenses.

The other points made by the appellant are not tenable, and require no discussion.

Judgment affirmed.