[L. A. No. 2051.  In Bank.—August 10, 1908.]

## J. M. MANSFIELD, Appelant, v. DISTRICT AGRICULTURAL ASSOCIATION NUMBER SIX, Defendant and Respondent; WILLIAM FERGUSON, Intervener.

DISTRICT AGRICULTURAL ASSOCIATION—DEED OF LAND IN TRUST TO SELL OR DISPOSE OF—SALE FOR CASH NOT ESSENTIAL.—A deed of lots to a district agricultural association in trust, to be sold or disposed of by it to the best advantage for the purpose of improving its grounds and for the purpose of meeting the expenses of the trust, including the expenses of litigation, does not limit the power of disposition to a sale for cash. Under such deed the association has the power to convey a portion of the land in consideration of legal services performed and to be performed for it affecting the execution of the trust.

ID.—MEANING OF WORD "SELL.".—Though the word "sell" itself in transactions touching personal property usually has reference to a pecuniary or money consideration, yet courts have never hesitated to give the word a broader significance when the meaning of the law or of a private contract seemed to call for it, and the much more generally accepted definition of a sale is the exchange of an interest in real or personal property for money or its equivalent.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying the plaintiff's motion to amend the conclusions of law and enter a judgment in favor of the plaintiff.  Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, and Hunsaker & Britt, for Appellant.

J. W. McKinley, and H. W. O'Melveny, for Defendant and Respondent.

Works, Lee & Works, for Intervener.

HENSHAW, J.—This was an action brought to quiet title to three one-acre lots designated T, U, and V of the Agricultural Park tract in the county of Los Angeles. William Ferguson intervened, but the findings and judgment of the court were against the intervener, and he has not appealed. The court found that defendant District Agricultural Association Number Six had no title to the land in controversy; that title was

CLIV Cal.—10

in the Sixth District Agricultural Association; that the Sixth District Agricultural Association had conveyed the land in controversy to plaintiff's grantor, W. M. Bowen, but that its deeds were void because made in violation of the terms of the trust under which the Sixth District Agricultural Association took and held title to the land. Whether or not the deeds of the Sixth District Agricultural Association to W. M. Bowen were void is the question presented for consideration upon this appeal.

The history of District Agricultural Association Number Six and of the Sixth District Agricultural Association has recently been discussed by this court in *Sixth District Agricultural Association* v. *E. T. Wright, ante*, p. 119, [97 Pac. 144]. With this reference to that case there is need here to say no more than that the Sixth District Agricultural Association took certain lands under a deed of trust. The lands were, 1. A described tract, designed to be used for "holding agricultural exhibitions or fairs," and 2. Certain one-acre lots, designated under the letters of the alphabet from A to Y inclusive. The deed of trust declared that these lands were conveyed to the Sixth District Agricultural Association, "To have and to hold all and singular the premises and appurtenances unto the party of the second part, and its successors forever; in trust, nevertheless, for the following uses and purposes, to wit; that is to say: that the said land first hereinbefore described shall be held in perpetuity as a place for holding agricultural exhibitions or fairs, and shall be managed and controlled by the party of the second part for that purpose; . . . and that the lands secondly hereinbefore described, to wit: the 1-acre lots shall be sold or disposed of by the party of the 2d part to the best advantage for the purpose of beautifying and improving the said Agricultural Park grounds, and for the purpose of meeting the expenses of this trust, including the expenses of litigation." The court finds that the ownership of all the real property in the foregoing deed described became vested in the Sixth District Agricultural Association "for the purposes, subject to the uses and upon the trusts in said deed set forth." The deed of the Sixth District Agricultural Association to Bowen was executed in pursuance of a resolution of the board of directors of the association, which resolution recited that W. M. Bowen, as attorney for the board, had ren-

dered valuable services during the last two years in protect-
ing the rights of the board; had advised the board upon many
important legal matters; that he had received no compensa-
tion for his services, and that the board had no ready money
with which to compensate him; that the board had contem-
plated the selling of certain of its one-acre lots, and it directed
conveyance to the said Bowen of lots T, U, and V on account
of the services performed and to be performed in the future
in looking after the suits now pending and all other suits
that the board may direct and deem advisable to bring in the
future, and any and all other legal matters that may arise
from time to time in connection with its property.

It may not be disputed, and indeed is not disputed, that
the estate which the Sixth District Agricultural Association
took under the deed of trust was limited by the terms of the
grant, as the court found. Not that only, but the trust itself
was one which the Sixth District Agricultural Association,
as a *quasi* municipal corporation had the power to accept
and execute. But was the court correct in holding that the
power of disposition of the one-acre lots was limited to a
"sale for cash"? Clearly not. By the very terms of the trust
these lots were to be sold or disposed of by the association to
the best advantage, for the purpose of meeting the expenses
of the trust, including the expenses of litigation. By this
language, giving to the word "sale" its narrowest application,
that of an exchange of property for a money consideration
(Civ. Code, sec. 1721), still the association was not re-
stricted in its disposition of the property to sales alone. For
it was equally empowered to "dispose" of the property to its
best advantage. It may not be said, under the rule of *nos-
citur a sociis*, that to "dispose of" the property in this con-
nection means to sell it, for this renders the phrase super-
fluous and meaningless. The grantors clearly intended to
confer upon the association the power to sell or otherwise to
dispose of the property. Though the word "sell" itself in
transactions touching personal property usually has reference
to a pecuniary or money consideration, yet courts have never
hesitated to give the word a broader significance, when the
meaning of the law or of a private contract seemed to call for
it, and the much more generally accepted definition of a sale
is the exchange of an interest in real or personal property

for money or its equivalent. (Webster's Unabridged Dictionary and Standard Dictionary; *Borland* v. *Nevada Bank,* 99 Cal. 89, [37 Am. St. Rep. 32, 33 Pac. 737]; *Howard* v. *Harris,* 8 Allen (Mass.) 297; *Western Massachusetts Insurance Co.* v. *Riker,* 10 Mich. 279; *Speigle* v. *Meredith,* 4 Biss. 120, Fed. Cas. 13,227; *Stokes* v. *Stokes,* 66 Miss. 456, [6 South. 155]; *Thurmond* v. *Faith,* 69 Ga. 833; *Hughes* v. *Washington,* 72 Ill. 84; *People ex rel. Davis* v. *Middleton,* 14 Cal. 540.) In *Stokes* v. *Stokes,* 66 Miss. 456, [6 South. 155], the executor took a devise in trust, with power to sell any of the lands when advisable for support of the testatrix's children. The executor made a deed to one Stokes of the land in controversy, reciting as a consideration the discharge of a debt due Stokes for money loaned by him to the testatrix and used by her for the support of herself and family. The children sought to have that conveyance set aside. Their bill was dismissed, it being held that the discharge of this debt by deed came within the power of sale conferred. In *Hughes* v. *Washington,* 72 Ill. 84, the will conferred power upon the executor "to sell any property . . . in such manner, and on such terms as may seem best for the interest of my children." The executor conveyed a part of the land to an attorney for services rendered on behalf of the estate, and the court said, upholding the transfer: "If the executor had sold a definite piece of the Cook County lands, and obtained money, and used it in the defense of the suit, appellees would not have complained. In lieu of this the executor contracted to give Hughes one third of the lands for the services. Practically it could make no difference whether the executor sold a portion of the lands to a stranger, and used the money to defend against the suit, or gave directly a part to the one employed to defend." In *Thurmond* v. *Faith,* 69 Ga. 833, the language of the trust was precisely that here employed. It was made lawful for the legal guardian of the parties "to sell and dispose of said lots or parcels of land" whenever in the discretion of such guardian the same shall be necessary for the support, maintenance, and education of the parties of the second part. The guardian exchanged the lands of the minors for other lands. The court said, in answering the objection that this exchange was not a sale: "Had the power of the guardian been limited to the sale of the land only,

there might have been some force in the point; but it must be noted that the guardian is clothed with the power to sell and dispose of, which, as therein, included not only the power to sell, but the power of disposition, such as was made by the guardian. Indeed the transaction was simply a sale with payment in land instead of money." Under an act empowering them to sell at public sale, or to lease the property which was conveyed to them and "apply the proceeds of such sale or lease to the liquidation of the floating debt of said city" the commissioners of the funded debt of San Francisco sold a piece of land and took in payment therefor three per cent scrip, which was a part of the floating debt. It was there argued that they could sell only for money, but it was held that the sale as made was within their power. (*People ex rel Davis* v. *Middleton,* 14 Cal. 540.) In *Roberts* v. *Northern Pacific Railroad Co.,* 158 U. S. 1, [15 Sup. Ct. 756], the supreme court of the United States say: "It is indeed urged that the county authorities could only sell its lands for money. We do not accede to this proposition. If they possess the power to sell for money, we are pointed to no express provision of law that restricts them from selling for money's worth. . . . The amount, as well as the nature of the consideration received by the county in exchange for its lands, if it had the power to sell them, was a matter that concerned the county only."

As the association in this case was not even restricted to selling, but could otherwise dispose of the lands for its best interests, and as one of the very designated purposes for which such disposition could be made, was to meet "expenses of litigation," clearly the Sixth District Agricultural Association, as owner of the lots in question, was acting not in violation of, but within the express terms of its power and trust in conveying the land as it did. No question of fraud is here presented, nor even of a gross abuse of discretion, and in the absence of such a showing, as was said by this court in *Ellis* v. *Commissioners of Funded Debt,* 38 Cal. 629: "The commissioners are the exclusive judges of the necessity for such sale or lease until the trust is finally closed, and their action in this respect cannot be impugned nor their discretion controlled by the city or its grantee, except on the ground of fraud or a gross abuse of discretion by the trustees."

The argument of respondent that the title of the Sixth District Agricultural Association is derived from the decree of the court rather than from the deed of trust, and that the deed to Bowen does violence to that decree, may not here be considered. The finding of the court is that the title and the powers of the association are derived from the deed of trust, and neither appellant nor respondent assailing this finding, it is a finality so far as this appeal is concerned.

It follows herefrom that a new trial is not necessary, but that upon the findings made by the trial court judgment should have been given for plaintiff. It is ordered accordingly.

Angellotti, J.,' Sloss, J., Shaw, J., Lorigan, J., and Beatty, C. J., concurred.