TOPZANT and wife, Respondents, vs. KOSHE, Appellant.

*March 8—April 13, 1943.*

For the appellant there was a brief by *Spence & Hanley*, attorneys, and *F. E. Jenkins* of counsel, all of Milwaukee, and oral argument by *Mr. Jenkins*.

For the respondents there was a brief by *Ben Z. Glass* and *Herman J. Scholl*, both of Milwaukee, and oral argument by *Mr. Glass*.

ROSENBERRY, C. J.   Two questions are involved on this appeal: (1) As of what date should damages for the conversion of the Building & Loan stock involved be determined?   (2) Does the evidence sustain the finding as to the amount of damages?

On June 29, 1935, the plaintiffs loaned to John Roesch and Central Distilling Company eighteen shares of the paid-up stock of the Blue Mound Building & Loan Association of

Wauwatosa, Wisconsin, for the purpose of enabling the loanees to secure a loan of $1,000, which was then being negotiated at the Farmers & Merchants Bank of Menomonee Falls. The certificates were indorsed in blank, delivered to the Farmers & Merchants Bank to secure the payment of a note for $1,000, due thirty days after date. The note was renewed from time to time, the last renewal occurring on December 3, 1935. On January 4, 1936, the defendant Koshe at the request of John Roesch purchased the note from the Farmers & Merchants Bank of Menomonee Falls, at which time the certificates of stock securing the same were delivered to Koshe. At the time of purchase, Koshe knew that the stock was the property of the plaintiffs. On or about the 14th day of April, 1936, Koshe caused the stock to be transferred to himself on the books of the association, and on the same day took the stock to his bank and repledged the same for a personal loan.

The plaintiffs learned of the transfer to Koshe some time during the month of June, 1936. On the 3d day of June, 1937, the defendant Koshe surrendered the eighteen shares of stock to the association and received a credit of $1,800 on account, and at the same time paying the association the sum of $1,700 in cash in payment of the remainder of the purchase price of a piece of property owned by the bank. The property had been carried on the books of the bank at $3,861.21 but was conveyed to Koshe for $3,500.

The court found that after payment of the face of the note, plus interest in the total amount of $1,005.40, there remained an overplus in the hands of the defendant Koshe of the sum of $794.60, the property of the plaintiffs; that Koshe converted the certificates to his own use, together with the sum of $45 dividends received by him, making a total of $839.60; that Koshe was entitled to a credit of interest in the amount of $85.47, leaving a net balance of $754.13, for which amount the plaintiffs are entitled to judgment with interest from

June 3, 1937, to March 26, 1942, in the amount of $217.80, a total of $971.93, for which amount the plaintiffs had judgment.

Defendant contends that the damages should be ascertained as of April 14, 1936, the date on which Koshe caused the shares of stock to be transferred on the books of the association to his own name. The court found the value as of the date when the stock was transferred to the association in exchange for the property purchased by the defendant Koshe.

The trial court relied upon the case of *Ingram v. Rankin* (1879), 47 Wis. 406, 420, 2 N. W. 755. In that case the following rule was laid down, which after careful consideration of the authorities and so far as we have been able to discover, has never been reversed, criticized, or modified. In the absence of exceptional circumstances in actions for the tortious taking or conversion of goods, the plaintiff is entitled to recover as damages:

"First, the value of the chattels at the time and place when and where the same should have been delivered, or of the wrongful taking or conversion, with interest on that sum to the date of trial;

"Second, if it appears that the defendant, in case of a wrongful taking or conversion, has sold the chattels, the plaintiff may, at his election, recover as his damages the amount for which the same were sold, with interest from the time of the sale to the day of trial;

"Third, if it appears that the chattels wrongfully taken or converted are still in the possession of the defendant at the time of the trial, the plaintiff may, at his election, recover the present value of the same at the place where the same were taken or converted, in the form they were in when so taken or converted."

The court went on to comment:

"These rules will prevent the defendant from making profit out of his own wrong, will give the plaintiff the benefit of any advance in the price of the chattels when defendant holds possession of the same at the time of the trial, and on the

whole will be much more equitable than the rule given by the court below."

The court went on to say that of course the rule would not apply in cases where statutory provisions were applicable.

We are urged to make a careful study of this case, which we have done. The defendant contends that the recovery in this case is contrary to the doctrine of the *Ingram Case, supra,* because it allows the plaintiff to recover the highest market value of the property between the time of conversion and the day of trial. However, that is not the rule applied by the trial court in this case. The defendant in effect sold the stock to the association from which he purchased the land and it is the sale price which the court permitted the plaintiff to recover in this case and not the highest market value.

(2) The defendant contends that the evidence does not sustain the finding of value made by the trial court. The finding of the court was as follows:

"That the said defendant, Frank Koshe, did on the 3d day of June, 1937, convert the said eighteen shares of Blue Mound Building & Loan Association stock to his own use by surrendering the same to the said Blue Mound Building & Loan Association, and at that said time he received the sum of one thousand eight hundred dollars ($1,800) therefor."

Defendant claims that the stock was not sold but exchanged.

It is not necessary in order to constitute a sale that the price be in money but if the property is sold for a fixed money price, whether paid in cash or in goods, it is a sale. 23 R. C. L. p. 1186, sec. 2; 55 C. J. p. 36, sec. 1, and cases cited.

A sale has been defined as "the exchange of an interest in real or personal property for money or its equivalent." *Mansfield v. District Agricultural Asso. No. 6* (1908), 154 Cal. 145, 147, 97 Pac. 150.

The feature which distinguishes an exchange of goods from a sale is that in the one instance a price is fixed in money,

and in the other there is a mere exchange of property and goods without a price being fixed. In this case it appears from the evidence that the eighteen shares of stock were accepted as the equivalent of $1,800 in addition to which the defendant paid $1,700 for the real property in question. No check was issued in connection with this transaction, which was merely entered on the journal of the association. In other transactions checks were issued for stock surrendered. In each instance there was an agreed price.

Eugene Perry, the secretary of the Blue Mound Building & Loan Association, testified as follows:

"Q. As far as your association was concerned, the value of that stock was one hundred cents on the dollar? A. That is right.

"Q. As far as your association was concerned, that was the true value of that stock at the time you redeemed it? A. That is correct."

This evidence, together with the fact that $1,800 was treated as a cash item on the books of the association, establishes *prima facie* the value of the stock at the time it was exchanged for the real estate in question, and is sufficient to sustain the court's finding of value.

The defendant argues that the rule under which the plaintiffs are permitted to recover in this case is unfair; that the plaintiffs ought not to be permitted to wait until the stock is sold and then recover the sale price because the period of waiting might extend for six years. These contentions with others made by the defendant are beside the point. The defendant in this case was a wrongdoer. He has no just grounds for complaint because he is not permitted to profit by his own wrong.

*By the Court.*—Judgment affirmed.