Action commenced December 31, 1947, by the State Bank, Gresham, against Victor Sperberg and Dehlia Sperberg, his wife, and Shawano Finance Corporation to recover damages for conversion. On June 30, 1948, Ken Traeger was substituted as plaintiff. From a judgment of May 26, 1949, in favor of plaintiff against it for $450 plus costs, Shawano Finance Corporation appeals.
Both plaintiff and defendant claim to have a lien on the same trailer. Defendant, Shawano Finance Corporation, had financed a purchase of equipment by defendants, Victor and Dehlia Sperberg, from Merlin Heinz in return for a conditional sales contract on a truck, dump box, and trailer described as a "Homemade Trailer Dual Wheels #T1073 (Timken Axle)." The conditional sales contract was filed on November 13, 1946.
Plaintiff had sold a trailer which he had purchased from Merlin Heinz to the Sperbergs. This trailer, on which plaintiff held a chattel mortgage to secure the payment of the purchase price, was described as a "Utility Trailer Semi. 207 Title #1426733." The chattel mortgage was filed December 31, 1946.
Upon nonpayment by the Sperbergs of their debt to the Shawano Finance Corporation, it, acting under the terms of its conditional sales contract and believing the trailer to be the one covered by its contract, took possession of the trailer involved in this action. Plaintiff brought this action for conversion, asserting his claim to the trailer under his chattel mortgage. The Finance Corporation claimed a prior lien. Defendants, Victor and Dehlia Sperberg, did not appear in the action. A jury was waived, and the action was tried to the court. *Page 332 
The court found that the trailer involved was the one on which plaintiff had a chattel mortgage and was not the one on which the Finance Corporation had the conditional sales contract. Therefore, he found in plaintiff's favor and fixed damages at $450. Judgment was granted May 26, 1949, foreclosing the mortgage on the trailer, granting plaintiff judgment against the Shawano Finance Corporation for $450, and ordering that the Finance Corporation, upon payment of the judgment, be subrogated to the rights of plaintiff in the mortgaged property.
The two questions involved on this appeal are, first, the identity of a trailer, and, second, its value. (1) Does the credible evidence sustain the court's finding that the trailer in question is the one on which respondent has a chattel mortgage?
The Shawano Finance Corporation asserts a conditional sales contract on a truck, dump box, and trailer which Victor and Dehlia Sperberg claimed to have purchased from Merlin Heinz. Heinz testified at the trial that he sold the Sperbergs a truck and dump box but no trailer. Adolph Klosterman, secretary and treasurer of the Finance Corporation, testified that he saw the truck and dump box but not the trailer at the time the loan was made. The information which he used to describe the trailer in the conditional sales contract was given him by Victor Sperberg. This does not rise to the level of evidence that, at the time the contract was entered into, the Sperbergs owned the trailer claimed by respondent. On the other hand the evidence is that the trailer on which the Finance Corporation asserts its conditional sales contract is a homemade trailer while that on which respondent claims a chattel mortgage is a manufactured one. It appears that the trailer of which the Finance Corporation took possession is a manufactured one. Heinz testified that the trailer of *Page 333 
which the Finance Corporation took possession was the trailer he had sold respondent and that the number had been removed from it. On this state of the evidence the court reached the only possible conclusion: that the trailer in question is the one on which respondent has a chattel mortgage.
(2) Does the evidence sustain the finding by the court that respondent should recover $450 as the amount of damages?
The general rule followed in Wisconsin is that in an action for conversion the plaintiff may recover the value of the property at the time of the conversion plus interest to the date of the trial. Topzant v. Koshe (1943), 242 Wis. 585,9 N.W.2d 136; Findlay v. Knickerbocker Ice Co.
(1899), 104 Wis. 375, 80 N.W. 436; Ingram v. Rankin
(1879), 47 Wis. 406, 2 N.W. 755; see also Anno. 96 A.L.R. 74. However, it is universally recognized that the purpose of this rule is to compensate the plaintiff for the loss sustained because his property was taken. 53 Am. Jur., Trover and Conversion, p. 885, sec. 94; Rogers v. CastingsCo. (1922), 16 Ohio App. 474. Therefore, when a party has contracted to sell a chattel but is prevented from doing so by the conversion of another, he is entitled to the amount he would have received under the agreement. 65 C.J., Trover and Conversion, p. 135, sec. 249; Anno. 52 L.R.A. 52; Rogers v. Castings Co., supra; France v. Gaudet (1871), L.R. 6 Q.B. 199, 34 Vict. In the Rogers Case the plaintiff had contracted to sell some ore which the defendant converted. In France v. Gaudet, supra, the plaintiff had contracted to sell some wine which defendant refused to turn over to him.
Respondent testified that he had an opportunity to sell the trailer, which was equipped with bunks, stakes, wrapper, corner binds, cab protector, and four tires, for $450 and that the terms of the sale were fully agreed upon; but, when he and the purchaser went to the Sperbergs to get the trailer, *Page 334 
the Finance Corporation had taken it. The arrangement was that the purchaser would put the money in the bank to be paid to the respondent when he submitted the title to the trailer.
On such evidence, which the trial court evidently considered credible, the respondent had been deprived of a sale of his property for $450. It is considered that the court's finding as to damages is sustained by the evidence.
Appellant, in his brief and at the trial, stressed the point that respondent was negligent in not checking the records at the register of deeds office to see if Victor Sperberg had previously incumbered a trailer. The speciousness of this argument is evident. Respondent, selling his own trailer to Sperberg, would have no occasion to inquire whether Sperberg had incumbered trailers he owned previously.
By the Court. — Judgment affirmed.