TRAEGER, Respondent, vs. SPERBERG and wife, Defendants:
SHAWANO FINANCE CORPORATION, Appellant.

*January 10—February 7, 1950.*

*Orville S. Luckenbach* of Shawano, for the appellant.
*Ken Traeger* of Gresham, respondent, *in pro. per.*

FAIRCHILD, J. The two questions involved on this appeal are, first, the identity of a trailer, and, second, its value. (1) Does the credible evidence sustain the court's finding that the trailer in question is the one on which respondent has a chattel mortgage?

The Shawano Finance Corporation asserts a conditional sales contract on a truck, dump box, and trailer which Victor and Dehlia Sperberg claimed to have purchased from Merlin Heinz. Heinz testified at the trial that he sold the Sperbergs a truck and dump box but no trailer. Adolph Klosterman, secretary and treasurer of the Finance Corporation, testified that he saw the truck and dump box but not the trailer at the time the loan was made. The information which he used to describe the trailer in the conditional sales contract was given him by Victor Sperberg. This does not rise to the level of evidence that, at the time the contract was entered into, the Sperbergs owned the trailer claimed by respondent. On the other hand the evidence is that the trailer on which the Finance Corporation asserts its conditional sales contract is a homemade trailer while that on which respondent claims a chattel mortgage is a manufactured one. It appears that the trailer of which the Finance Corporation took possession is a manufactured one. Heinz testified that the trailer of

which the Finance Corporation took possession was the trailer he had sold respondent and that the number had been removed from it. On this state of the evidence the court reached the only possible conclusion: that the trailer in question is the one on which respondent has a chattel mortgage.

(2)    Does the evidence sustain the finding by the court that respondent should recover $450 as the amount of damages?

The general rule followed in Wisconsin is that in an action for conversion the plaintiff may recover the value of the property at the time of the conversion plus interest to the date of the trial. *Topzant v. Koshe* (1943), 242 Wis. 585, 9 N. W. (2d) 136; *Findlay v. Knickerbocker Ice Co.* (1899), 104 Wis. 375, 80 N. W. 436; *Ingram v. Rankin* (1879), 47 Wis. 406, 2 N. W. 755; see also Anno. 96 A. L. R. 74. However, it is universally recognized that the purpose of this rule is to compensate the plaintiff for the loss sustained because his property was taken. 53 Am. Jur., Trover and Conversion, p. 885, sec. 94; *Rogers v. Castings Co.* (1922), 16 Ohio App. 474. Therefore, when a party has contracted to sell a chattel but is prevented from doing so by the conversion of another, he is entitled to the amount he would have received under the agreement. 65 C. J., Trover and Conversion, p. 135, sec. 249; Anno. 52 L. R. A. 52; *Rogers v. Castings Co., supra; France v. Gaudet* (1871), L. R. 6 Q. B. 199, 34 Vict. In the *Rogers Case* the plaintiff had contracted to sell some ore which the defendant converted. In *France v. Gaudet, supra,* the plaintiff had contracted to sell some wine which defendant refused to turn over to him.

Respondent testified that he had an opportunity to sell the trailer, which was equipped with bunks, stakes, wrapper, corner binds, cab protector, and four tires, for $450 and that the terms of the sale were fully agreed upon; but, when he and the purchaser went to the Sperbergs to get the trailer,

the Finance Corporation had taken it. The arrangement was that the purchaser would put the money in the bank to be paid to the respondent when he submitted the title to the trailer.

On such evidence, which the trial court evidently considered credible, the respondent had been deprived of a sale of his property for $450. It is considered that the court's finding as to damages is sustained by the evidence.

Appellant, in his brief and at the trial, stressed the point that respondent was negligent in not checking the records at the register of deeds office to see if Victor Sperberg had previously incumbered a trailer. The speciousness of this argument is evident. Respondent, selling his own trailer to Sperberg, would have no occasion to inquire whether Sperberg had incumbered trailers he owned previously.

*By the Court.*—Judgment affirmed.