HEUER, Respondent, vs. WIESE, Appellant.

*September 10—October 6, 1953.*

For the appellant there was a brief and oral argument by *W. A. Cowell* of Kewaunee.

For the respondent there was a brief and oral argument by *George F. Miller* of Algoma.

FRITZ, C. J.   About July 8, 1951, the plaintiff Ernest Heuer and the defendant Marvin Wiese, entered into an oral contract whereby Heuer agreed to sell, and Wiese agreed to buy for $600 a clover crop then standing on Heuer's field. Wiese paid $100 to Heuer, and the balance was to be paid before the crop was cut by Heuer for Wiese. Heuer agreed to cut the crop when requested by Wiese, and Heuer cut the crop about July 31, 1951. On July 15th Wiese paid an additional $100 to Heuer. Defendant's answer alleges a waiver of the requirement of full payment before the crop was cut. After Heuer cut the crop, he notified Wiese by letter to remove the crop from Heuer's field or he would bring an action for damages for breach of contract. Wiese failed to remove the crop by August 10, 1951, as directed to do by Heuer, and a week later Heuer took possession of the cut crop, and used a chopper and cut the crop up on his field. On September 25, 1951, Heuer commenced an action by the service of a summons on the defendant. Wiese's answer alleged a waiver by the plaintiff of the requirement of full payment before the crop was cut, and alleged an estoppel and also a counterclaim for conversion of the crop by the plaintiff and for damages sustained by Wiese. Heuer's reply admits the sale of the crop to Wiese as alleged in a counterclaim, and Heuer denied that he took possession of the crop on August 14, 1951, and converted it to his own use.

Heuer's action is for breach of the contract by Wiese's failure to remove the crop from Heuer's field within a reasonable time after it was cut by Heuer as agreed upon; and thereby caused Heuer to be deprived of the value of the hay and suffer damage to the field and seeding as a result of the clover not having been removed. When plaintiff cut the crop on or about July 31, 1951, he notified Wiese by a letter, sent rural route, to remove the cut crop from his field by August 10, 1951, noontime, or he would commence an action for breach of contract. Heuer did not confine himself to the remedy which he stated in his letter to Wiese that he would take if the crop was not so removed, neither did he give any notice of an intention to rescind the contract. He chose to take possession of the crop and destroy it by cutting it and scattering it on his field. That is admitted, Wiese's ownership of the crop is admitted in the plaintiff's reply pleading, and it is admitted and recognized by Heuer in his letter which is a part of the defendant's affidavit for a summary judgment. The record is silent of any act on the part of the plaintiff whereby he reinvested himself with ownership prior to taking and destroying the crop. Wiese contends that the acts of plaintiff were a conversion of the defendant's crop, which created an estoppel against plaintiff to sue on the contract, resolving the issue in the case as only one of law that can be reached by a motion for summary judgment for dismissal of the complaint. As stated in *Adams v. Maxcy,* 214 Wis. 240, 245, 252 N. W. 598:

" 'Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein, such as a tortious taking of another's chattels, or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession, permanently or for an indefinite time.' "

In *Aschermann v. Philip Best Brewing Co.* 45 Wis. 262, at page 266, the court stated:

". . . the wrongful destruction of goods by one not the owner thereof, is a conversion of the goods so destroyed."

Plaintiff's claim of right and title to the clover crop, as his acts demonstrate, on one hand, and his action on the contract which admits ownership in the defendant, under the admitted facts, are so inconsistent as to raise an estoppel against the plaintiff.

To the plaintiff Heuer's act in destroying the crop which he had sold to Wiese and to which he thereafter destroyed all rights of Wiese therein, there is applicable to the parties herein the rule applied in *Topzant v. Koshe,* 242 Wis. 585, 588, 9 N. W. (2d) 136, which is likewise applicable to the plaintiff and the defendant herein. In that case the plaintiff, as Heuer in this case, was a wrongdoer.

The conversion of the crop precludes the plaintiff from recovering for the balance of the purchase price which defendant had agreed to pay. However, the plaintiff's complaint also alleges that the clover seeding of the field where the hay had been cut was damaged as a result of the cut hay not being timely removed. This raises questions of fact. One is whether defendant had permitted the cut hay to remain on the field an unreasonable length of time. Another is whether plaintiff did anything to minimize the damage as it was his duty to do. In this respect it should be pointed out that plaintiff's letter to defendant set a deadline of noon on August 10, 1951, for defendant to remove the cut hay and yet plaintiff let the hay remain as it had been cut for another entire week. The question of whether any damage was done to the underlying seeding is still another fact question.

It is, therefore, our conclusion that because there were present these material questions of fact the trial court prop-

erly denied the motion of defendant for summary judgment dismissing the complaint.

*By the Court.*—Order affirmed.