HEUER, Appellant, vs. WIESE, Respondent.

*September 12—October 11, 1955.*

For the appellant there was a brief and oral argument by *George F. Miller* of Algoma.

For the respondent there was a brief and oral argument by *W. A. Cowell* of Kewaunee.

MARTIN, J.   In the facts stipulated by the parties before trial, it was stated:

"The sale of the crop to the defendant, the price, terms of payment, and the payments made are admitted."

The trial court determined that appellant's act in chopping up the hay and spreading it on his field "constituted 'a wrongful destruction of goods by one not the owner,' and hence, a conversion;" that such act raised an estoppel against the plaintiff in his action under the contract for sale of the crop and precluded him from recovery under such contract for the balance of the purchase price agree upon.   This conclusion of law is entirely in accord with the holding of this court in the previous appeal (265 Wis. 9) :

"Plaintiff's claim of right and title to the clover crop, as his acts demonstrate, on one hand, and his action on the contract which admits ownership in the defendant, under the admitted facts, are so inconsistent as to raise an estoppel against the plaintiff.

"To the plaintiff Heuer's act in destroying the crop which he had sold to Wiese and to which he thereafter destroyed all rights of Wiese therein, there is applicable to the parties herein the rule applied in *Topzant v. Koshe,* 242 Wis. 585, 588, 9 N. W. (2d) 136, which is likewise applicable to the plaintiff and the defendant herein.   In that case the plaintiff, as Heuer in this case, was a wrongdoer.

"The conversion of the crop precludes the plaintiff from recovering for the balance of the purchase price which defendant had agreed to pay."

Appellant contends that the trial court's holding is contrary to the verdict in so far as the jury found his act of chopping up the hay and spreading it on his field reduced the damages resulting from respondent's neglect in allowing the cut crop to remain on the field for an unreasonable length of time. However, the mere fact that appellant's act had the effect of

reducing his damages does not make it a legal act. Appellant admits title to the hay was in the respondent. There is no question that in cutting it up and spreading it on his field he destroyed it. The trial court's conclusion that the act constituted a wrongful conversion is not inconsistent with the jury's finding that such act minimized the damages caused by respondent's neglect.

It is further argued that this action is brought under the Uniform Sales Act, ch. 121, Stats., for damages for non-acceptance of goods. The argument has no merit. On August 8, 1951, appellant notified respondent that if the cut crop were not removed from the field by noon of August 10th he would treat the contract as breached and commence an action for damages for breach of contract. The complaint served September 25, 1951, made no mention of sec. 121.64, Stats.; the case came to this court on appeal and was thereafter tried, all on the theory of breach of contract. The theory of the case was entirely within the appellant's province; he makes no complaint that he was required to adopt a theory not of his choosing. He made no motion for a new trial. If he felt that error had been committed by the trial court on this ground, he should have made the proper motion and given that court an opportunity to correct the error. It is too late to present the question for the first time on this appeal.

Appellant further claims that he was entitled to damages for loss of a second crop and that the trial court erred in failing to determine such damages. We assume that the question submitted to the jury with respect to damage to "underlying seeding" included the damage to a second crop. If it did not, it was incumbent upon appellant to request the submission of such a question to the jury, but he did not do so.

It is finally contended that appellant is entitled to double damages under the provisions of sec. 98.24, Stats. We do not see that the section applies in this case, but in any event, if

appellant was claiming double damages, it should have been set out in the complaint so that respondent would have known the extent of the demand made upon him.

*By the Court.*—Judgment affirmed.