Harry T. von **EICHELBERGER** and Haig
Mihram **TERZIAN**, Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 15653.

United States Court of Appeals
Ninth Circuit.

Jan. 29, 1958.

Gregory S. Stout, San Francisco, Cal.,
for appellants.

Lloyd H. Burke, U. S. Atty., John
Lockley, Bernard Petrie, Asst. U. S.
Attys., San Francisco, Cal., for appellee.

Before ORR, FEE and CHAMBERS,
Circuit Judges.

ORR, Circuit Judge.

In a thirty two count indictment appellants were charged with violations of section 5861 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 5861:

Appellant von Eichelberger, on eight counts of failure to pay the tax imposed by section 5811 of 26 U.S.C.A., on eight counts of transferring firearms not in pursuance of the written order as provided by section 5814, 26 U.S.C.A., on eight counts of possession of firearms which had been unlawfully transferred to him in violation of section 5851 of 26 U.S.C.A.

Appellant Terzian, on eight counts of possession of firearms which had been illegally transferred to him in violation of section 5851, 26 U.S.C.A.

The case was tried before the court without a jury. Appellant von Eichelberger was found guilty on 21 counts and appellant Terzian on 7 counts.

We first consider the conviction of appellant von Eichelberger on charges that he was in possession of firearms which had been transferred to him in violation of section 5851.

There is no dispute that von Eichelberger had possession of the firearms since prior to 1950 and that his possession was obtained in violation of sections 5811–5814. However, it is contended that his having obtained such possession more than six years prior to the date of the indictment, 26 U.S.C.A. § 6531, bars his conviction on the possession counts, because the statute of limitations began to run from the date of the illegal receipt of the firearms. It will be noted that the essence of the offense as charged in the counts of the indictment now under consideration is *possession.* Therefore it seems clear that the offense was a continuing one which began on the date the guns were received by von Eichelberger and continued to December 5, 1956, the date set forth in the indictment. Present possession of a firearm is prohibited.

■ Von Eichelberger transferred possession of the guns to Terzian under a conditional sales contract. Hence, it is contended by von Eichelberger, there was no transfer within the definition of "transfer" contained in the statute. It is agreed that no tax was paid, no order form was executed, and that the statutes apply to the guns in question. But, queries von Eichelberger, is a "conditional sale" a "sale"? We enlarge the query by adding the words "within the contemplation of the statute defining the terms *'transfer'* or *'transferred'*?" The statute reads: "The terms 'to transfer' or 'transferred' shall include to sell, assign, pledge, lease, loan, give away, or otherwise dispose of." 26 U.S.C.A. § 5848 (10). This definition encompasses a rather broad field and denotes a purpose on the part of Congress to cover all transactions in which the possession of firearms, such as those with which we are here concerned, passes.

Technically, an ingenious argument can be made (appellant's counsel has not failed in this respect) in support of the proposition that inasmuch as the statute does not use the term "conditional sale contract" such a transfer does not come within its compass. We think such a construction rather strained.

■ It is apparent that Congress in enacting Chapter 53 of the Internal Revenue Code intended to prohibit the physical transfer of firearms except within its terms. This is evidenced by the fact that it added to the definition the all-embracing provision "or otherwise dispose of". The use of the word "sale" should not be held to have a fixed and invariable meaning but should be given a narrow or broad meaning according to the context of the surrounding circumstances. W. F. Boardman Co. v. Petch, 1921, 186 Cal. 476, 482, 199 P. 1047, 1050. It will generally be given a broader significance where the meaning of the law demands it. Mansfield v. District Agr. Ass'n, 1908, 154 Cal. 145, 147, 97 P. 150.

It is apparent that Congress intended to regulate the physical transfer of firearms notwithstanding legal title may not have passed. This is evidenced by the fact that it included therein the terms assignments, pledges, leases and loans of firearms, which are without question instances of the parting of possession but retention of title.

Congress had a firm purpose in passing the statute to enable the Federal Government to supervise the acquisition of firearms so that those who would subvert their use to an evil purpose could be circumvented. Cf. United States v. Adams, D.C.S.D.Fla.1935, **11** F.Supp. 216.

While the facts in the cases of Montgomery v. United States, 4 Cir., 1945, 146 F.2d 142, and Rayborn v. United States, 6 Cir., 1956, 234 F.2d 368, do not fit this case insofar as von Eichelberger is concerned, they do point up that the fundamental purpose of Congress in enacting the statute was to exact compliance with the statute no matter how physical possession of firearms may have been obtained. In those cases theft was the medium of transfer and that word as well as conditional sale contract is not found in the definition.

It is argued that because 26 U.S.C.A. § 5846 makes applicable all other provisions of the internal revenue laws insofar as they are not inconsistent, it incorporates those provisions to such a degree

that the statute is not sufficiently definite to satisfy procedural due process.

The provision of the statute under which the indictment in the instant case was drawn is plain and unambiguous and needs no resort to provisions of other enactments to make its meaning clear. The statute carries a sufficiently definite warning as to the proscribed conduct when viewed in the light of common understanding and practice. United States v. Petrillo, 1946, 332 U.S. 1, 8, 67 S.Ct. 1538, 91 L.Ed. 1877.

■ After the transfer of possession from von Eichelberger to Terzian, he, Terzian, stored the guns in a garage belonging to and under the control of one Trost. Later, Trost summoned government investigating agents who entered Trost's garage at his request and opened the boxes in which the guns were contained. They had no search warrant.

The premises were entirely under Trost's control. He alone had a key. He willingly and voluntarily granted permission for the agents to enter and search. This was a search with the consent of the person in charge of the premises. Cutting v. United States, 9 Cir., 1948, 169 F.2d 951; Stein v. United States, 9 Cir., 1948, 166 F.2d 851; United States v. Walker, 2 Cir., 1951, 190 F.2d 481; United States v. Sferas, 7 Cir., 1954, 210 F.2d 69; Raine v. United States, 9 Cir., 1924, 299 F. 407, 411; Driskill v. United States, 9 Cir., 1922, 281 F. 146.

Neither von Eichelberger nor Terzian were lessees or owners of the premises searched, nor can they be said to be lawful occupants of the premises. Limited Storage rights were held by Terzian but not to the extent that would entitle him to be classified as an occupant. Cutting v. United States, supra. Von Eichelberger had no rights whatever in the premises. "The question seems well settled * * * that one who is not the owner, lessee, or lawful occupant of the premises searched cannot raise the question under the Fourth Amendment of unlawful search and seizure." Kwong How v. United States, 9 Cir., 1934, 71 F.2d 71, 75.

We conclude from all the circumstances of this case that the search and seizure was a reasonable one.

We think we may with propriety note that while counsel for appellants did not waive any of the points raised in his brief, he informed the Court that his chief point upon which he relies for reversal is that the statute does not include a "conditional sale contract" such as was employed here in making the change of possession. As heretofore stated, we do not agree with such a construction.

Appellant Terzian is charged in the indictment with possession of firearms which had been transferred to him in violation of sections 5811 and 5814 and in violation of section 5861. It is admitted that Terzian at one time had possession of the firearms. What we have heretofore said demonstrates that his possession was illegal as charged.

Affirmed.