WILLIAM FARROW, PLAINTIFF-RESPONDENT, v. OCEAN COUNTY TRUST COMPANY, DEFENDANT-APPELLANT.

Submitted May 3, 1938—Decided November 16, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the appellant, *Ewart & Bennett* (*Howard Ewart,* of counsel).

For the respondent, *Robert A. Lederer.*

The opinion of the court was delivered by

HEHER, J.    This is an action in replevin, the subject-matter being a Ford sedan automobile upon which plaintiff holds a chattel mortgage made and delivered to him by defendant's judgment debtor, Vernon Farrow, on May 18th, 1937, and defendant has a levy made on June 19th, 1937, under an execution issued May 10th, 1937, on the judgment, recovered on October 21st, 1933.   The mortgage was conditioned upon the payment of the principal sum of $400, with interest.   No definite day of payment was prescribed.   According to the affidavit annexed in compliance with the statute, this sum was loaned to the mortgagor by the mortgagee on July 8th, 1935, to be repaid "within thirty days."   The mortgage was recorded on the day of its date, and possession remained in the mortgagor.

The essential points now in contention are (a) whether there was compliance with the rule respecting demand for possession of the chattel prior to the commencement of this action, and (b) whether plaintiff's mortgage is void as to defendant for failure of execution in conformance with chap-

ter 166 of the laws of 1931, relating to bills of sale for motor vehicles. *Pamph. L.* 1931, *p.* 312; *R. S.* 1937, 39:10-1 *et seq.*

The Common Pleas judge, sitting without a jury by consent, ruled that, as regards plaintiff, defendant's "possession of the car was illegal;" that a demand for possession was in fact made before the issuance of the writ, and that, in any event, plaintiff in the particular circumstances "had a right to assume that a formal written demand would have been futile, of no benefit to defendant or obeyed by it;" and that "a chattel mortgage properly executed and recorded is effective upon an automobile * * * even though the provisions" of the act adverted to "have not been performed."

Defendant appeals from the consequent judgment of possession.

The point first made is decisive, and there is therefore no occasion to consider the second.

These are the pertinent facts: The writ of replevin was issued and served upon defendant on November 8th, 1937. It is stipulated that the service was accompanied by "a written demand" upon defendant "for the immediate possession and surrender of said automobile." And the under-sheriff testified that after the writ of replevin, "signed and sealed by the County Clerk" and having attached thereto the written demand for possession, was handed to him for service upon defendant, he communicated by telephone—at the request of plaintiff's attorney—with a clerk (who was not an attorney-at-law) in the office of defendant's attorneys retained in the matter of the execution of the judgment, and asked whether defendant would "release the car" without service of the writ, and received a reply in the negative. Service was thereupon made upon the clerk. Being in doubt as to its validity, he recovered the writ and the accompanying demand for possession, and immediately served them upon defendant's treasurer.

Whatever may be the rule in other jurisdictions, the principle is firmly embedded in our jurisprudence that a chattel mortgage, like one covering lands, is in its essence a mere security for the payment of the mortgage debt. The mort-

gagor, before and after default—until divested by grant, release or foreclosure—has an estate which the law recognizes as the proper subject of seizure and sale under the ordinary process of law. It is likewise such an estate as is in law capable of conveyance and mortgage. This rule obtains both as to realty and personalty. The property in the mortgaged chattels does not, upon default, become absolute in the mortgagee. If, after condition broken, the mortgagee takes the chattels into possession, he cannot keep or dispose of them as his absolute property. If he retains them, they are subject to redemption by the mortgagor, and, upon satisfaction of the mortgage debt, his title terminates. *Woodside* v. *Adams,* 40 *N. J. L.* 417; *Doughton & Wilson* v. *Gray,* 10 *N. J. Eq.* 323; *Luse* v. *Jones,* 39 *N. J. L.* 707; *Outcalt* v. *Durling,* 25 *Id.* 443; *Freeman* v. *Freeman,* 17 *N. J. Eq.* 44; *Bird* v. *Davis,* 14 *Id.* 467. See, also, *Sears, Roebuck & Co.* v. *Camp.* 124 *Id.* 403.

It is a corollary of the foregoing that the mortgagee also has an action for any substantial injury to his interest. If, in the assertion of a right against the mortgagor, there be a seizure and sale of the mortgaged chattels by a third party, in defiance or to the exclusion or prejudice of the rights of the mortgagee, there is such an exercise of dominion as constitutes an actionable invasion of the mortgagee's rights. *Woodside* v. *Adams, supra; Miller* ads. *Pancoast,* 29 *N. J. L.* 250; *Charter* v. *Stevens,* 3 *Denio* 33; *Wheeler* v. *McFarland,* 10 *Wend.* 318.

So viewed, defendant's possession of the mortgaged automobile was lawful. The taking of possession of the chattel under the execution was not, *per se,* a hostile act as respects plaintiff's mortgage. So far as is disclosed, the purpose was to reach only the leviable interest of the mortgagor in the chattel. There is no proof of an intention to sell and dispose of the vehicle in disregard of plaintiff's rights under his mortgage. To borrow the language of Mr. Justice Depue in *Woodside* v. *Adams, supra* (at *p.* 420), the levy was not accompanied "by such acts or conduct as evince an intention to assert under it a right hostile to the rights of the mortgagee.

The placing of a levy on the mortgaged property is, *per se,* no more a trespass or conversion, or intermeddling with the property of the mortgagee, than the taking of a second mortgage, or a conveyance of property, real or personal, which is subject to a prior mortgage."

Defendant having come into lawful possession of the chattel, it was incumbent upon plaintiff to prove an unlawful detention. This he failed to do. "There must be an actual conversion, or a refusal to deliver on demand, which is evidence of conversion, before the detention becomes unlawful. To constitute a conversion of goods there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel." *Woodside* v. *Adams, supra* (at *pp.* 430, 431). See, also, *Crown Co.* v. *Reilly,* 88 *N. J. L.* 590; *Resnick* v. *Jefferson Holding, &c., Association,* 14 *N. J. Mis. R.* 875; *Veader* v. *Veader,* 87 *N. J. L.* 140; *Shapiro* v. *De Leuce,* 89 *Id.* 161; *Voorhees* v. *Thomas,* 107 *Id.* 134; *F. A. North Co.* v. *McClellan,* 116 *Id.* 145. There was no demand for possession of the chattel before the commencement of the action. The demand upon the lawyer's clerk, assuming for present purposes he bore to defendant the requisite relationship, and it was otherwise efficacious, was made subsequent to the institution of suit. There is nothing in the proofs to suggest that if plaintiff, asserting the validity of the mortgage and his intention to enforce it, had made a timely demand for possession, defendant would not have rendered compliance. And so there is no basis for the finding below that a formal written demand would have been futile.

The judgment is accordingly reversed, with costs; and the cause is remanded for the entry of summary judgment in favor of defendant.