The **EDISON BANK**, Plaintiff,

v.

Joseph J. **MAYER**, District Director of Internal Revenue Service, etc., Defendant,

and

United States of America, Intervenor.

Civ. A. No. 1055–60.

United States District Court
D. New Jersey.

Feb. 27, 1962.

Wilentz, Goldman, Spitzer & Sills, Perth Amboy, N. J., for plaintiff.

David M. Satz, Jr., U. S. Atty., Newark, N. J., for defendant.

WORTENDYKE, District Judge.

The jurisdiction of this Court under 28 U.S.C. § 1340 is invoked by the plaintiff for a declaration that it has a lien prior to that of the United States of America for unpaid Internal Revenue taxes upon the proceeds of sale of certain motor vehicles covered by a chattel mortgage given to the plaintiff by the taxpayer to secure a loan from the plaintiff Bank.

The Court finds the following stipulated facts:

Plaintiff (Bank), is a banking institution incorporated under the laws of the State of New Jersey. On March 5, 1959 the Bank loaned to Walter Rasmussen, individually and trading as Rasmussen and Sons, the sum of $10,000, as security for the repayment of which the borrower executed and delivered to the Bank a chattel mortgage of that date, covering three certain motor vehicles, described in the schedule annexed to the mortgage. Possession of the mortgaged chattels was retained by the mortgagor. The mortgage was duly recorded in the office of the Clerk of Middlesex County, in which both Bank and borrower are located, on March 6, 1959. A record of the mortgage transaction was also made upon the certificates of ownership of the mortgaged vehicles as required by N.J.S. 39:10–11, subd. C, N.J.S.A.

Assessments of Federal Income and Federal Withholding taxes against the chattel mortgagor were duly made by

the District Director of Internal Revenue at Newark, New Jersey, and notice of said assessments, stating the amounts and demanding payment thereof was given to the taxpayer and filed with the Register of Deeds for Middlesex County, New Jersey. The particulars of said assessments, including the dates on which liens for said Federal Taxes were filed, are as follows:

| Type of Tax | Tax Period | Balance Due | Date of Assess-ment | Date of Demand | Date of Filing Notice of Lien |
|---|---|---|---|---|---|
| Income | 1956 | $5,582.00 | 3/27/59 | 4/ 3/59 | 7/31/59 |
| Withholding | 3Q 1959 | 6,429.21 | 12/18/59 | 12/18/59 | 4/14/60 |
| Income | 1957 | 7,511.76 | 12/24/59 | 12/24/59 | 5/17/60 |
| Income | 1957 | 235.22 | 3/25/60 | 3/25/60 | 6/27/60 |
| Withholding | 4Q 1959 | 106.36 | 6/24/60 | 6/24/60 | None |
| Withholding | 1Q 1960 | 36.35 | 9/16/60 | 9/16/60 | None |
| Withholding | 1Q 1960 | 2,205.47 | 6/ 3/60 | 7/ 1/60 | 9/20/60 |

(To the figures in the "Balance Due" column are to be added accrued interest from date of assessment, as provided by law.)

Subsequent to the loan which was secured by the chattel mortgage, further loans were made by Bank to the taxpayer which were evidenced by promissory notes respectively dated, in the face amounts and upon which there are balances due, as follows:

| Date of Note | Face Amount | Balance Due |
|---|---|---|
| 7/ 6/59 | $ 700.00 | $10.85 plus interest |
| 2/29/60 | 26,180.00 | $4,201.54 plus interest from 7/1/60. |
| 4/12/60 | 4,241.76 | $1,773.64 " " " " |

The indebtedness secured by the chattel mortgage had been reduced by May 25, 1960, to the sum of $3,500.00. For the payment of this balance taxpayer gave a new promissory note, dated May 25, 1960, which recited that the amount thereof was secured by the chattel mortgage covering the motor vehicles previously referred to. There is a balance due on the last mentioned note of $1,000.00 with interest thereon from January 27, 1960. In exchange for the $3,500 note, the note of March 5, 1959 (which had been secured by the chattel mortgage) was returned to the maker.

On October 23, 1960, the mortgagor defaulted upon his indebtedness to the Bank, and the Bank took possession of the motor vehicles listed in the chattel mortgage. Due notice was given by the Bank that the vehicles would be sold at public sale on November 9, 1960. Prior to the noticed sale date, the Internal Revenue Service seized the mortgaged chattels pursuant to 26 U.S.C. §§ 6331 and 6335. Pursuant to agreement between counsel for the Bank and for the Internal Revenue Service, the mortgaged vehicles were sold by the Bank on November 9, 1960, for the sum of $7,900., which has been deposited in an escrow account in the Bank, subject to the determination of priority therein. It was also stipulated that the Bank incurred an expense of $48.00 in caring for the mortgaged vehicles prior to their sale.

In New Jersey, a chattel mortgage is a mere security for the payment of the debt secured thereby. "The mortgagor, before and after default—until divested by grant, release or foreclosure—has an estate which the law recognizes as the proper subject of seizure and sale under the ordinary process of law. It is likewise such an estate as is in law capable of conveyance and mortgage. * * * The property in the mortgaged chattels does not, upon default, become absolute in the mortgagee. If, after condition broken, the mortgagee takes the chattels into possession, he cannot keep or dispose of them as his absolute property." Farrow v. Ocean County Trust Co., 1938, N.J.Sup., 121 N.J.L. 344, 2 A. 2d 352, 354.

Despite the giving of the chattel mortgage, the mortgagor therein retained title and possession of the mortgaged vehicles, and his interest therein was a property interest which could be subjected to the lien of a subsequent mortgage or of a levy under a judgment. Therefore, the interest of the mortgagor-taxpayer in the mortgaged chattels was susceptible to the Federal tax liens which accrued, pursuant to 26 U.S.C. § 6321, with the filing of notice thereof on July 31, 1959, in accordance with the provisions of § 6323(a) (1) of the same Title. Each Federal lien became choate upon the date of its filing. 26 U.S.C. § 6321 provides that such lien is impressed upon "all property and rights to property, whether real or personal" and continues until the tax liability is satisfied or the lien becomes unenforceable by reason of lapse of time. This lien is not limited to application against that property held by taxpayer at the time of the filing of notice of lien, but is imposed against all property owned at the time suit is commenced. Glass City Bank of Jeannette, Pa. v. United States, 1945, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; Ersa Inc. v. Dudley, 3 Cir.1956, 234 F.2d 178. Although the chattel mortgage was dated March 5, 1959, and recorded March 6, 1959, the property in the mortgaged chattels did not become absolute in the mortgagee, even upon the default which occurred on May 25, 1960. Farrow v. Ocean County Trust Co., supra.

The chattel mortgage of March 5, 1959, having complied with the statutory requirements as to form and recording, established a valid lien in favor of the Bank. That lien continued as security for the successively reduced balances of the note, and also for the new note of $3,500 dated May 25, 1960, which was the unpaid balance due at that time on the original note. Meanwhile, the Government choate tax liens, aggregating in excess of $19,000, had attached to the mortgagor's persisting and increasing right, title and interest in the vehicles covered by the chattel mortgage. The current balance of $1,000 due on the $3,500 note, which is also the remainder due on the loan represented by the original $10,000 note, persists as a prior lien in favor of the Bank, as against the tax liens. United States v. Waddill Holland & Finn, Inc., 1945, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294; United States v. Security Trust & Savings Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53; United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; United States v. Acri, 1955, 348 U.S. 211, 75 S. Ct. 239, 99 L.Ed. 264. The $3,500 note given in substitution for the $10,000 note did not constitute such payment of the original note as would discharge the mortgage security. Shipman v. Lord, Chanc.1899, 58 N.J.Eq. 380, 44 A. 215.

N.J.S.A. 46:28–5 provides that a chattel mortgage not accompanied by immediate delivery and followed by an actual and continued change of possession of the chattels mortgaged is "absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded * * *." The recital in a note or notes

evidencing subsequent loans that they or any of them should be secured by the original chattel mortgage could not effectively create a valid lien upon the mortgaged chattels as against creditors or purchasers and mortgagees protected by the chattel mortgage statute, supra. The language of the notes issued on July 6, 1959, February 29, 1960 and April 12, 1960, upon which the plaintiff relies in seeking to establish itself as a mortgagee within the protection of 26 U.S.C. § 6323, is as follows:

"For further securing the payment of the liabilities aforesaid the undersigned hereby gives to The Edison Bank a lien for the amount of all the liabilities aforesaid upon all property and securities, and bargains, sells, assigns and transfers to The Edison Bank all the right, title and interest of the undersigned (maker) in and to said collateral, and all right, title and interest of the undersigned * * * in and to all property and securities, now or hereafter given unto, or left in the' possession or custody, or under the control, of The Edison Bank."

Such attempt to make the original mortgage applicable to the subsequent loans without reexecuting, reacknowledging and rerecording the same, cannot revive the prior lien thereof or render it efficacious to secure those loans. When possession of a chattel is retained by the owner, a lien valid against the owner's creditors may be imposed thereon by interparty act in the form of a chattel mortgage, recorded as provided in N.J.S.A. 46:28–5. No chattel mortgage was given to secure any of these notes effective to constitute a lien upon the items of property which secured the original note. None of these notes is in the form of a chattel mortgage, and none has been recorded. Therefore, these items cannot achieve priority over the recorded Federal tax liens. Nor is the Bank's position strengthened by the line of cases which protect a mortgagee who makes future advances pursuant to a mortgage anticipating such loans where such advances are made without knowledge or actual notice of the rights of intervening creditors. The chattel mortgage of March 5, 1959 did not, by its terms, purport to secure subsequent loans. See Ward v. Cooke, 1864, 17 N.J.Eq. 93; Annot., 138 A.L.R. 566 (1942).

The Government's tax liens enjoy priority upon the escrowed proceeds of sale of the mortgaged chattels, subject to payment to the Bank of $1,000 balance due upon the note of May 25, 1960 and $48.00 agreed upon for the care of the vehicles prior to sale.

An order may be submitted in conformity with the views herein expressed.